# Slease v. Naysmith.

*Principal and agent—Declarations and acts of agent not evidence of agency.*

Where the plaintiff relies upon the naked fact that the agent of defendant did make a contract, the authority to bind the principal cannot be proved by the declarations of the alleged agent, nor by his acts done without the knowledge or authority of the principal.

*Agency—Burden of proof to establish.*

The burden being upon the plaintiff to establish by evidence the authority of the agent to bind his principal, and no evidence whatever which is recognized by law as tending to establish that fact being offered, the submission of the question of agency to the jury was clearly erroneous.

Argued May 15, 1900.    Appeal, No. 133, April T., 1900, by defendant, in suit of Myrtle Slease against Robert G. Naysmith, from judgment of C. P. Armstrong Co., Dec. T., 1899, No. 5, on verdict for plaintiff.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Reversed.    Opinion by W. D. PORTER, J.

Appeal from judgment of the justice of the peace.    Before RAYBURN, P. J.

The facts sufficiently appear in the opinion of the court.

The court below charged the jury in part as follows:

[Now if you believe the testimony of Mr. Henry and Miss Slease as to what was said by Mr. Crismyre, they were led to believe that at that time there was a $1,000 policy running from the 1st of April for three years.    Of course the evidence here does not show that there was a policy like that in force, but if you believe that he made that statement and that was part of the consideration of the property for this transfer for the purpose of this case you would consider it was in existence as far as the claim of the plaintiff is concerned.] [1] . . . .

[Now, under the law, did Crismyre have the authority to make the statements which he made to Mr. Henry in reference to the $1,000 insurance, which you must find from the evidence; if he did make them, we say to you, gentlemen, that in this case Mr. Naysmith, having authorized this man to make sale, there being conversations between him and Miss Slease and Mr. Henry with reference to insurance and an agreement to transfer the policies in force, that he would be bound by the statements made by Mr. Crismyre in reference to the policy.] [2] . . . .

[As we have said to you that there were representations made by Crismyre as to the transfer of this policy for $1,000, then you would find a verdict for the plaintiff for $57.00, with interest from May 25, 1899.] [4]

Defendant submitted among others the following point:

[2. That the acts and representations made by the agent of defendant, not having been made known to him or authorized by him and not being contained in the written authority given by defendant to his agent, cannot bind the defendant in this case.    *Answer:* That point we refuse.] [3]

Verdict and judgment for plaintiff for $57.00, with interest. Defendant appealed.

*Errors assigned* were (1, 2, 4, 5) to portions of the judge's charge, reciting same. (3) In refusing defendant's second point, reciting point and answer.

*Floy C. Jones*, for appellant.

*Calvin Rayburn*, for appellee.

OPINION BY W. D. PORTER, J., July 26, 1900:

The defendant, by an agreement in writing, authorized Booth & Crismyre, who are real estate agents, to sell a certain property in the borough of Ford City. The price at which the agents were authorized to sell, under the agreement, was $2,600, and the terms were cash. A further clause authorized the agents to sell, "according to the price and terms of payment above written, or any price or terms which I may authorize him to accept other than the above." There was no evidence that the defendant had ever authorized the agents to sell upon any other terms. Crismyre, acting for his firm, effected a sale of the property to the plaintiff. At the time the negotiations were in progress there was in existence a policy of insurance, in the sum of $500, upon the interest of Naysmith, the defendant, in the property. The equitable title was in Naysmith, but he had not paid the entire purchase money and the legal title was still held by the Pittsburg Plate Glass Company. The interest of the Pittsburg Plate Glass Company, being the balance of purchase money unpaid, was insured in a separate policy, in the sum of $600. A deed was duly executed and delivered to the plaintiff, who subsequently brought this action, claiming the right to recover upon the following grounds: She alleges that during the negotiations Crismyre, the agent, agreed that there should be transferred to her, without cost, a policy of insurance upon the property for $1,000, the premium on which had been paid for three years from the 1st day of April preceding. No policy in that amount was delivered to her, nor was any such policy in existence. This action was brought to recover the value of such a policy of insurance for the unexpired

portion of the term for which the premium was, by the agent, represented to have been paid. The learned judge of the court below submitted to the determination of the jury two questions of fact: 1. Did Crismyre, the agent of defendant, enter into the agreement that an insurance policy in the amount of $1,000, with the premium paid for almost three years in advance, should be assigned and transferred to the plaintiff? 2. Did Crismyre have authority to bind his principal, the defendant, by any such agreement?

As to the first question of fact there was abundant evidence to warrant its submission to the jury. The jury having found that fact, it is eliminated from our consideration. In order to recover, however, the burden was upon the plaintiff. In order to charge the defendant, to prove the authority under which the agent acted, to establish the agency and the extent thereof. It was not sufficient that the evidence established that the agent was in some capacity employed by the principal. It was incumbent upon the plaintiff to produce evidence sufficient to warrant the finding that the agent was authorized to represent the principal in the matter in controversy. This might have been done by showing the agent to have been authorized to represent the principal in all matters, or that he was specially delegated to represent the principal in the matter under investigation. There was no evidence of a general agency upon the part of Crismyre to represent the defendant. The only evidence of a delegation of authority in this case was the written agreement between the defendant and the real estate agents, which did not authorize the agents to make any agreement whatever touching the subject of insurance. The agreement conveyed a simple authority to sell a certain piece of real estate for cash, at a fixed price. In the case, as presented to the court, there was not a scintilla of evidence upon which to base a finding that the defendant had authorized his agents to make any contract with regard to insurance. The plaintiff relies upon the naked fact that the agent did make a contract. The authority to bind a principal cannot be proven by the declarations of the alleged agent, nor by his acts done without the knowledge or authority of the principal: Hays v. Lynn, 7 Watts, 524; Whiting & Company v. Lake, 91 Pa. 349; Moore v. Patterson, 28 Pa. 505; Telephone Company v. Thompson, 112 Pa. 118; Beal v.

Adams Express Company, 13 Pa. Superior Ct. 143. The burden was upon the plaintiff to establish by evidence the authority of the agent to bind his principal. The plaintiff produced no evidence whatever which is recognized by law as tending to establish that fact. The submission of this question of fact to the determination of the jury was clearly erroneous. There is no evidence whatever which indicates that the defendant even knew that an allegation had been made that his agent had made the agreement upon which the plaintiff relies, until long after the deed had been delivered and the transaction closed. The evidence upon which the plaintiff attempts to establish a ratification of the agreement upon the part of the principal, after it had come to his knowledge, is not sufficient for any such purpose. When the plaintiff, with her attorney, met the defendant, at the office of the Pittsburg Plate Glass Company, for the purpose of closing the transaction, the deed had already been executed and acknowledged, and was ready for delivery. The defendant transferred the $500 policy which stood in his name. The gentleman who acted as attorney for the plaintiff in that transaction testified as follows: " Q. What did he (Naysmith) say about the old policy? Did he say he would transfer it? A. I don't remember. I told Mr. Naysmith, ' Of course, the agreement. you understand, is that these insurance policies are to be transferred. If I close this up, of course you will have to guarantee that you will have them transferred, and if any taxes you will have to pay them.' He says, ' That is all right.' " Neither the plaintiff nor her attorney said anything about the agreement which had been made by Crismyre with regard to the $1,000 policy, nor did they in any way refer to any representations that had been made in regard to the insurance by Crismyre, nor did they inform the defendant as to the amount of the policies which they expected to receive. With regard to those matters they left the defendant entirely in the dark. When they demanded a transfer of the insurance policies he had a right to assume that they referred to the insurance policies which were actually in force as to the property to which the plaintiff then acquired title, viz: the $500 policy which he did transfer, and the $600 policy held by the Pittsburg Plate Glass Company. The Pittsburg Plate Glass Company subsequently refused to transfer the policy which it held,

but canceled the same and received, as the premium for the unexpired period thereof, the sum of $5.37, for which amount the defendant has never denied his liability. At the trial in the court below the defendant undertook to prove a tender of the amount of $5.37, which he admitted to be due the plaintiff, but the evidence as to that tender was not satisfactory. The tender was made after suit was brought before the justice, and it did not include the costs which had accrued up to that time, nor does that tender seem to have been followed up in court in regular order. For this reason the case must go back to be retried. All of the assignments of error are sustained.

Judgment reversed and venire facias de novo awarded.