## Weldon, Appellant, *v.* Traction Company.

*Principal and agent—Contract—Evidence—Physician—Street railways—
Claim agent.*

Where a physician brings an action against a street railway company to
recover for professional services rendered to an injured passenger, and the
plaintiff avers that he was employed to render such service by the claim
agent of the defendant, the burden is on the plaintiff to show that the claim
agent had general authority to employ a physician, or special authority in
the particular instance, or that his engagement of the plaintiff was ratified
by the defendant, or that the defendant had so held him out as its agent,
that it was estopped in denying his authority.   Declarations of the agent
that the president of the defendant had ratified the arrangement are in-
sufficient.

In such a case evidence of the employment by the same agent of another
surgeon to attend other injured persons, is incompetent, where it appears
that the compensation of the other surgeon was included in settlements

made with the injured persons as a part of the consideration for the settlement, and that no question arose as to the surgeon's right to hold the company on the employment by the agent.

Accident reports are, also, insufficient evidence in such a case, where it appears that the reports, although containing the name of the surgeon, in no way show that he was engaged or was acting on behalf of the company.

Argued Dec. 8, 1904.   Appeal, No. 205, Oct. T., 1904, by plaintiff, from judgment of C. P. Northampton Co., June T., 1903, No. 39, on verdict for defendant in case of C. F. Welden v. Lehigh Valley Traction Co., Robert E. Wright, C. M. Bates and George W. Norris, Receivers.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON, and HENDERSON, JJ.   Affirmed.

Assumpsit for professional services.   Before SCHUYLER, P. J.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Calvin F. Smith,* for appellant.—The claim agent had authority to bind the company as to the contract in question : Lauer Brewing Co. v. Schmidt, 24 Pa. Superior Ct. 396 ; Beal & Simons v. Express Co., 13 Pa. Superior Ct. 143 ; Terre-Haute & Indianapolis R. R. Co. v. McMurray, 98 Indiana, 358; Ohio & M. Ry. Co. v. Early, 141 Indiana, 73 (40 N. E. Repr. 257).

Where some evidence of agency has been given, it is competent to give in evidence acts and declarations of the alleged agent respecting the subject-matter of his authority : Central Pennsylvania Telephone, etc., Co. v. Thompson, 112 Pa. 118.

*George R. Booth,* for appellee.

OPINION BY HENDERSON, J., January 17, 1904 :

The plaintiff's action was based on a claim for professional services alleged to have been rendered at the request of R. H. Schoenen, an agent of the defendant; and the validity of the claim depends upon the authority of the agent.

A Mrs. Kessler received an injury in getting off a car.

Some one procured the services of the plaintiff, who attended her on the day of the injury and on the next day, at which time as the plaintiff alleges, the agent, Schoenen, engaged him to give such further professional attention as the case might require, at the same time promising that the company would pay him.    Schoenen was the " claim agent " of the company. What his duties were does not appear from the testimony in the case, further than may be inferred from this title.    The burden was on the plaintiff to show that Schoenen had general authority to employ a physician, or special authority in the particular instance, or that his engagement of the plaintiff was ratified by the defendant, or that the defendant had so held him out as its agent, that it is now estopped from denying his authority.    It is unnecessary to enlarge upon the subject of the power of an agent, as it has recently been well considered in two opinions in this court : Beal & Simons v. Express Company, 13 Pa. Superior Ct. 143, and Lauer Brewing Company v. Schmidt, 24 Pa. Superior Ct. 396.

Neither the acts nor the declarations of the agent in the premises are competent to establish his authority.    Nor does the plaintiff himself seem to have considered his authority sufficient, for, when he asked the agent about his pay and was informed that the company would pay, he said : " I would like to have authority from one of the higher officials."    The next day the agent told him that the president of the company had ratified the arrangement, and thereafter the plaintiff seems to have rested on that assurance.    But the agent's assertion of the president's ratification is no better than his promise on behalf of the company.    The plaintiff's contention is, that having shown that Schoenen was the claim agent of the defendant at the time he made the contract with the plaintiff for professional services, the plaintiff had a right to presume that he had authority to so bind the defendant.    We are not warranted in holding that a claim agent is presumptively invested with authority to employ surgeons at the expense of his principal. Presumably the duty of claim agents is to adjust claims against their employers, not to create new obligations.    It was obligatory on the plaintiff to show that the agent's authority comprehended such conduct as the engagement of a surgeon.

The evidence relating to the employment by the same agent

of another surgeon to attend a number of persons injured in an accident, does not show or tend to show general authority in the agent. It plainly appears in relation to the surgeon referred to, that his compensation for services was included in the settlements made with the persons injured as a part of the consideration for the settlement, and no question arose as to his right to hold the company on the employment by the agent. The company might include in the amount to be paid to the person injured the surgeon's bill, without thereby admitting liability to the surgeon directly.

The accident reports sent in by the motorman, conductor and road officer, do not amount to notice to the company that the plaintiff had been called to attend the person injured at the expense of the company. One of the reports states that the patient after being carried into the house, was attended by Dr. C. F. Welden; another, that "C. F. Welden, doctor, was summoned;" the third merely states "doctor summoned." In none of them is it reported that the plaintiff was engaged or was acting on behalf of the company.

On the evidence presented, the court was not in error in directing a verdict in favor of the defendant. The judgment is, therefore, affirmed.