## Kroll *v.* Philadelphia, Appellant.

*Principal and agent—Proof of agency—Declaration of agent—Landlord and tenant—Lease.*

Where a city purchases and demolishes a building, and thereafter is sued by an alleged tenant claiming damages for the loss of his leasehold in a portion of the building, the plaintiff cannot recover where his only evidence is a written lease containing no recitals of ownership and signed by a person merely as agent, with no evidence that the person signing was the agent of the owner, except the declarations of the alleged agent himself.

Argued Jan. 14, 1912. Appeal, No. 247, Jan. T., 1912, by defendant, from judgment of C. P. No. 2, Philadel-

phia Co., March T., 1911, No. 3766, on verdict for plaintiff in case of Harry Kroll and Isadore Cooper, trading as Kroll & Cooper, v. Philadelphia. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for an alleged unlawful eviction. Before BARRATT, J.

At the trial it appeared that the city purchased a building belonging to the Baker Building and Loan Association, and subsequently demolished it. The plaintiffs occupied certain rooms in the building as a barber shop. At the trial they offered in evidence a lease for such rooms containing no recitals as to ownership, but beginning and ending as follows:

"This Agreement Witnesseth, That Harry Scholder, agent, does hereby let unto Harry Kroll and Isador Cooper, the first floor of premises No. 31 North Fifteenth street for the term of one year from the first day of August, A. D. one thousand nine hundred and nine, at the rent of six hundred and sixty dollars per annum, to be paid in monthly installments of fifty-five dollars, in advance, the first payment thereof to be made on the 1st day of August, Anno Domini 1909.

"In Witness Whereof, the said parties have hereunto set their hands and seals, this ninth day of August, one thousand nine hundred and nine (1909).

HARRY SCHOLDER, Agent (Seal),
HARRY KROLL                 (Seal),
ISADOR COOPER               (Seal)."

The only evidence of Scholder's agency were his own declarations that he had authority from the Baker Building and Loan Association to make the lease.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Errors assigned* were (2) in refusing binding instructions for defendant, and (3) refusal of plaintiff's motion for judgment non obstante veredicto.

*Edgar W. Lank,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellant.—Where one deals with a person representing himself to be the agent of another, the burden is on him to establish the agent's authority: Rafferty v. Haldron, 81* Pa. 438; Whiting v. Lake, 91 Pa. 349; Central Penna. Tel. & Supply Co. v. Thompson, 112 Pa. 118; Hannay v. Stewart, 6 Watts 487; Kaufman v. Transit Co., 2 Mona. (Pa.) 36; McInnes v. Rittenhouse, 1 Mona. (Pa.) 657; Gass v. Citizens' Bldg. & Loan Assn., 95 Pa. 101; Johnston v. Assn., 104 Pa. 394; Moshannon Land & Lumber Co. v. Sloan, 109 Pa. 532; Hardman v. Philadelphia Association, 2 W. N. C. 440.

*Francis Macomb Gumbes,* for appellees.—The declarations of an agent while acting as such and within the scope of his authority, are evidence against his prinipal: Culver v. Pocono Spring Water Ice Co., 206 Pa. 481; Dougherty v. Hunter, 54 Pa. 380; Ardesco Oil Co. v. Gilson, 63 Pa. 146; Frazer v. Penna. R. R. Co., 38 Pa. 104.

Declarations accompanying acts are admissible in evidence as part óf the res gestæ: Woodwell v. Brown, 44 Pa. 121; Huntingdon & Broad Top Mt. R. R. & Coal Co. v. Decker, 82 Pa. 119; Baker v. Gas Co., 157 Pa. 593; Singer Mfg. Co. v. Christian, 211 Pa. 534.

OPINION BY MR. JUSTICE STEWART, March 31, 1913:

This was an action for the recovery of damages for an alleged unlawful eviction from premises which the plaintiffs claimed they held under a valid and subsisting lease. The premises consisted of a single room, a barber shop, on the first floor of a building used and occupied as a public hotel. The ownership of the entire

property at the time plaintiffs entered under their lease was in the Baker Building & Loan Association. Subsequently, in December, 1909, and during the occupancy of the barber shop by the plaintiffs, the building association sold and conveyed the entire premises to the defendant, the city of Philadelphia. In February, 1911, the city proceeded to demolish the building. This work enforced the withdrawal of the plaintiffs from the shop they then occupied. On the trial of the case plaintiffs offered in evidence a written lease to them of the premises, for a term of one year with privilege of renewal, dated 9 August, 1909, which contained no recital of ownership and was executed by one Scholder who signed as agent. This was followed by the testimony of the two plaintiffs, admitted under exceptions, to the effect that when negotiating with Scholder for the lease, the latter in answer to inquiries from them, stated that the building belonged to the Baker Building & Loan Association, and that he, Scholder, was in control; that he had "got the power of it from the Baker Building & Loan Association." With this testimony admitted plaintiff rested. As the case then stood a motion for nonsuit, had one been made, must have prevailed. Admittedly the ownership of the property was in the Building & Loan Association. The plaintiffs could have had no right of possession except as such right was derived from the owner. They had dealt with no one but Scholder, and their claim that Scholder was the agent of the building association rested on nothing but Scholder's declaration to that effect. Had the action been against the Building Association for the eviction, it is quite manifest that the declarations of Scholder would have been insufficient to establish his agency; and indeed under all our authorities they would have been inadmissible as evidence. The fact that it was against the City of Philadelphia did not change the rules applicable since the city stood exactly in the place of the building association, having acquired all the former's

rights in the property. It is a settled rule of law that
one cannot make himself agent for another. by merely
asserting such agency: Union Refining & Storage Co. v.
Bushnell, 88 Pa. 89. The burden is always upon the
one asserting the agency to prove it, and declarations or
admissions of the party assuming to act as agent are
never admissible for this purpose except as they are
brought to the knowledge of the principal, and assent
and acquiescence on his part can be shown or reasonably
inferred. A case much in point is Whiting v. Lake, 91
Pa. 349. There the action was against a bailiff for the
return of certain goods which had been levied upon in
satisfaction of rent due from a former tenant, and the
claim of plaintiffs was that at the time of the distress
they were occupying the premises under lease from the
owner made by an authorized agent of the latter. · The
only evidence offered to establish the agency was. the
declaration of the party who assumed to make the lease.
The court below held this insufficient, and directed a
verdict for the defendant. In reviewing the case on
appeal this court said in affirming the judgment: "If
there was any testimony from which the jury might rea-
sonably have found that the plaintiffs had leased the
premises from the owner or an authorized agent, it
should have been submitted to them. It was not pre-
tended that they leased directly from Mrs. Simpson, the
owner, or that they ever had any personal communica-
tion with either her or her husband on the subject.
They claimed to have leased from Doctor Pennington,
who, as they alleged, was the agent of Mrs. Simpson, and
offered testimony for the purpose of showing that they
remained in possession after the termination of Henkle
& Brother's lease, under an agreement with him to pay
a weekly rent for ·the short time they wished to oc-
cupy the premises; but they utterly failed to show that
Pennington was ever authorized to lease the premises,
or that the owner had done or omitted to do anything
that would have the effect of estopping her from deny-

ing his agency. It was not competent to prove Pennington's authority by his declarations. Nor were his acts, done without her knowledge or authority, any evidence of his agency." To the same effect is Singer Mfg. Co. v. Christian, 211 Pa. 534, where the exceptions to the general rule are clearly indicated, none of which however distinguish the present case.

Nothing that appears in the evidence offered on behalf of the defense supplies what was so manifestly lacking in the plaintiffs' case. Scholder, the person from whom plaintiffs leased, while denying that he had such conversation with plaintiffs as they testified to, distinctly disclaims any agency for the building association in the making the lease to the plaintiffs, and asserts that he was, when so doing, the agent and representative of the New Central Hotel Company, of which he was secretary and treasurer; that the building association by resolution of its board of directors in July, 1905, had authorized a lease of the entire building, including the barber shop, to the New Central Hotel Company, which lease was signed by himself as secretary of the association and the treasurer, pursuant to the resolution; that this lease continued in force until its surrender at the time the city bought the property; that it was during the continuance of this lease 9th August, 1909, that as agent of the hotel company he sublet the barber shop to the plaintiffs.

The case was submitted to the jury to determine where the truth lay as between the conflicting statements of the plaintiffs and Scholder in regard to a matter bearing no relation to the question we have indicated. The verdict shows that the jury accredited the plaintiffs. That, however, established no agency in Scholder for the building association in making the lease to the plaintiffs, but left the case just where it was when plaintiffs rested in the trial.

The refusal of defendant's motion for judgment n. o. v. was error, and the judgment is reversed.