## Cates & Shepard, Appellant, v. Seltzer.

*Contract—Building contract—Extra work—Architect—Principal and agent.*

In an action by a subcontractor against an owner to recover the costs of certain extra work alleged to have been ordered by the defendant's architect, if there is no evidence of direct or actual authority in the architect to give the order, and the plaintiff relies upon an apparent authority, the case is for the jury, where the defendant denies that the architect had any authority and this is corroborated by the testimony of the architect and one other witness, and this is supplemented by the fact that in two other instances of

departure from the specifications, the plaintiff required previous written authorization of the architect to do the extra work, and further by the fact, that when the work was done the building had been leased to a third party on whose account, according to the architect, the extra work had been ordered.

Where an agency is to be implied from the conduct of the parties, or is to be established by witnesses, the fact and scope of the agency are for the jury.

Argued Nov. 26, 1915.  Appeal, No. 201, Oct. T., 1915, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1913, No. 1611, on verdict for defendant in case of Cates & Shepard, Incorporated, v. Alexander Seltzer, Michael Seltzer and Samuel Seltzer, trading as Seltzer Brothers.  Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Affirmed.

Assumpsit for the cost of twelve electrical arc lamps for a theatre.  Before McMICHAEL, P. J.

At the trial it appeared that Seltzer Brothers were the owners of a theatre at Atlantic City which had been erected at the time the cause of action in this case arose. After the completion of the theatre it was leased to a Mr. Nixon.  The defense was that the architect who was the owner had no authority express or implied to give the order in question, and that he had really ordered it on account of the lessee of the theatre.

When Louis Magaziner, defendant's architect, was on the stand, he was asked this question:

By Mr. Stern:

Q.—Mr. Edmonds asked you about ordering extras. Did you order any extras on the work except by previous instructions from Seltzer Brothers?

(Objected to.  Objection overruled.  Exception allowed for plaintiff.)

A.—Well, this question has to be answered in two ways, because there was some other work I ordered which was not for Seltzer Brothers.

Q.—Did you order any extras down there that were not ordered by somebody?

A.—No, I did not.

Q.—Some of these extras, you say were first authorized by Seltzer Brothers. Who was the other person who gave orders for some of the work?

A.—Mr. Nixon.

Q.—What class of work was given by Mr. Nixon as compared by the class of work given by Seltzer Brothers?

Mr. Edmonds: Your Honor, I understand that my objection applies to all this line of questions as to oral conversations between this witness and other persons.

The Court: The witness may testify to the facts. We have the fact that extras were not ordered by the architects without orders from Seltzer Brothers, and then he may testify that work was ordered by Nixon.

(Exception allowed for plaintiff.)

A.—Well, that was for exterior—that is, advertising on the building.

Q.—Which was that?

A.—That Mr. Nixon told me to order. May I cite an instance of it?

Mr. Edmonds: I object to the witness volunteering anything.

Q.—Mr. Edmonds asked you whether you gave orders for things that you wanted to have done, and your answer, I believe, was yes. Did you give such orders without previous authority either from Mr. Nixon or from Seltzer Brothers?

(Objected to. Objection overruled. Exception allowed for plaintiff.) (1)

A.—No, sir.

By Mr. Edmonds:

Q.—I think you said a moment ago to Mr. Stern that the orders that you received from Mr. Nixon related particularly to advertising matters?

A.—Yes, sir.

348, (1916).]     Points—Assignment of Errors.

Plaintiff presented these points:

"1. If you find that the defendants, Seltzer Brothers, permitted their architects, Magaziner & Potter, to give to the plaintiff, Cates & Shepard, a number of orders for additional work and alterations on Seltzer Theatre in Atlantic City without requiring the plaintiff to get either an express confirmation of each of those orders from the defendants or a definite notice from the defendants of the authority of the architects to give each of these orders, then the architects had apparent authority to give the order in dispute, and the plaintiff was justified in proceeding with the work under that order, and your verdict must be for the plaintiff." Answer refused.   (5)

"2. If you find that the defendants paid the plaintiff for such additions and alterations as were ordered by the architects prior to the giving of the order in dispute, or that defendants, having received notice by plaintiff's bill that they were charged with the same, did not notify plaintiff that the architects were acting without authority in giving those orders, then the plaintiff was justified in believing that the architects had authority as agents for the defendants to give the order in question and your verdict must be for the plaintiff." Answer refused.   (6)

"3. If you find that defendants upon all occasions with the exception of the order in question, both prior and subsequent to the giving of that order, had treated the theatre as being in their control in so far as having changes or alterations made in and about it, and if you find in addition thereto, that defendants were aware of the work being done under this order in question, then you may find that defendants authorized their architects to give this disputed order to plaintiff, and your verdict must be for the plaintiff." Answer refused.   (7)

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned,* among others, were (1) ruling on evidence quoting the bill of exceptions; (5-7) above instructions quoting them.

*Franklin Spencer Edmonds,* with him *Howard Schell Baker,* for appellant.—It was reversible error for the trial judge to permit the defendant, Seltzer, or the architect, Magaziner, to testify that he was without authority to bind the defendants, as their agent, when he gave the order for the arc lamps to the plaintiff, as evidence that he was without apparent authority to bind them: N. Y. C. & H. R. R. v. Deer Creek Lumber Co., 49 Pa. Superior Ct. 453; Wilson v. Sale, 41 Pa. Superior Ct. 566.

The trial judge committed reversible error in refusing to instruct the jury that plaintiff was entitled to recover if by a course of dealing between it and the architect, acting as agent for the defendants, he appeared to have authority to bind his principles: Dodge v. Williams, 47 Pa. Superior Ct. 302; New York & H. R. R. R. v. Lumber Co., 49 Pa. Superior Ct. 453; Winter v. Iron City Stamping Co., 51 Pa. Superior Ct. 11; Short v. Del. & Hudson Co., 41 Pa. Superior Ct. 141; Balph v. Liberty Nat. Bank, 179 Pa. 430; Bredin v. Dubarry, 14 S. & R. 26.

*Horace Stern,* with him *Morris Wolf,* for appellees.—That an agent is a competent witness to prove his own authority is flatly ruled in such leading cases as: McDowell v. Simpson, 3 Watts 129; McGunnagle v. Thornton, 10 S. & R. 251; Cake's App., 110 Pa. 65; Lawall v. Groman, 180 Pa. 532; Brown v. Kirk, 26 Pa. Superior Ct. 157; Fee v. Adams Express Co., 38 Pa. Superior Ct. 83.

Where an agency is to be implied from the conduct of the parties or is to be established by witnesses the fact and scope of the agency are for the jury: Birkle v. Coleman, 50 Pa. Superior Ct. 105; Park v. Kansas City, Etc., Ry. Co., 58 Pa. Superior Ct. 419.

OPINION BY ORLADY, P. J., March 1, 1916:

At the time this cause of action arose, the defendants were the owners of a recently erected theatre, in Atlan-

tic City, New Jersey, and which was then practically completed, and had been formally leased to a Mr. Nixon, who was in possession of the premises. The plaintiff corporation had been a subcontractor on the operation. During the progress of the work, on two occasions, and under express authority from the defendants, their architects directed the plaintiff to do certain specified additional or extra work, the items aggregating $1,081.00, which was completed and paid for by the defendants. This controversy relates to a third item of extra or special work, the definite authority for doing which is disputed. The plaintiff in his statement of claim alleges that the architects were the "duly authorized agents" for the defendants, and as such gave to the plaintiffs the order for doing this extra work, and in accordance therewith the plaintiffs furnished and hung the extra arc lamps specified in the order. To this the defendants replied that the architects were not the agents of the defendants, or any of them and that the theatre, then being under lease to Mr. Nixon, and operated by him, any acceptance of any quotation for work, labor or materials was made to, accepted by, and furnished for the lessee, and not for the defendants. The work in controversy was properly done, and on its completion the architects refused to give a certificate to bind the defendants, but consented to give one in the name of Nixon Theatre, owner.

The case went to trial on the issue thus raised, and was sent to the jury on this theory, Judge McMICHAEL saying: The plaintiff is bound to show two things in order to recover in this case. He is bound to show that Magaziner, the architect, held himself out as having authority from Seltzer Brothers—that he had the authority from Seltzer Brothers, and also that the course of dealings between the parties were such that a prudent, reliable, discreet business man would be justified in assuming that the architect was the agent of Seltzer Brothers to do this work.

No evidence of direct or actual authority was shown in support of the averment—that the architects were the duly authorized agents to give the disputed order. The defendants relied on what they alleged was the apparent scope of his authority, and adduced proof from which, without denial, that inference might be drawn. We held in Wilson v. Sale, 41 Pa. Superior Ct. 566, by RICE, P. J., "The general rule is that a principal is responsible for the misrepresentations of his agent within his authority, is beyond question, and the better opinion is, that as to third parties affected by his acts or words, it is the apparent scope of his authority, and not his actual instructions that must govern. That is the basis on which the business of the world in the present day is transacted, and the rule should be enforced in a liberal spirit, with regard to the actual habits of the community."

The case presented here is within much narrower bounds, as the defendant positively denies that the architects were authorized to act for them in the matter in dispute, in which contention they were corroborated by the direct testimony of the architect and one other witness, and supplemented with the additional fact that in each of the other instances of departure from the plans and specifications, the plaintiffs required the previous written authorization of the architect to do the extra work. The measure of proof required in such cases is not fixed by any rigid standard, and in this case the act of the architect on which the plaintiff relied was a known departure from the course of business between the parties —in reference to extra work and the character of the agent's authority in relation thereto.

To render a principal liable, there must be proof of agency, either express or implied; but the fact cannot be proven by the declarations of the alleged agent, nor by his acts done without the authority of the principal, but, it is always competent for a principal to show the scope of the agent's authority: Penna. Telephone & Sup-

ply Co. v. Thompson, 112 Pa. 118. The principal upon which the agency and its scope may be implied or inferred from a course of dealing, might be applicable if there were any evidence that the agent had been in the habit, with the knowledge and acquiescence of his principal of making similar contracts, with the plaintiff or other members of the general public: Fee v. Express Co., 38 Pa. Superior Ct. 83.

In the case before us, there was no course of dealing, as this was the sole instance in which the agent is alleged to have acted on apparent authority, it is plain that the doctrine under which an apparent authority may be implied from a holding out, or course of dealing would not be applicable. The liability of the defendants depended upon the solution to the dispute of fact between the plaintiff and the architect, in regard to the order to do this work, and this question was for the jury alone. Where an agency is to be implied from the conduct of the parties, or is to be established by witnesses, the fact and scope of the agency are for the jury: Berkie v. Coleman, 50 Pa. Superior Ct. 105. The jury are to judge of the credibility of the witnesses and of the implication to be made from their testimony; it is error for the court to decide the point as a matter of law: Park v. Kansas City, Etc., Railway Co., 58 Pa. Superior Ct. 419. The controlling question was, whether there was sufficient evidence of authority, actual or implied, to carry the case to the jury, and as there was no pretence of direct authority, the plaintiff should not complain of the court in submitting it to the jury to determine the question of apparent authority, when in his pleadings he only averred, due or direct authority. The parties to the telephone conversation were fully examined, and all that was material was read as a part of the charge of the court, and concluded,—if that testimony is true, and it is not denied by Mr. Cates—he gave accounts of conversations in rebuttal, but did not deny this, the defendants ought to have your verdict, because evidently, if

that was true, Cates when he made the contract for the lamps, was notified that Mr. Nixon was the man who was asking for the lamps, and that subsequently the matter was referred to Mr. Love, who had charge of Mr. Nixon's affairs.

The case was tried by able counsel and submitted to the jury in a fair and adequate charge.

The judgment is affirmed.