# Hileman, Appellant, v. Falck.

*Trial—Instructions to jury—Statement of distinction between common law actions of trespass and trover.*

1. It is not error for a trial judge to explain to the jury the distinction between the common law actions of trespass and trover and to state that the case seemed to include a charge of both.

2. In an action for alleged unlawful taking and use of a steam roller by defendant, who contracted with plaintiff's agent to operate the roller over a piece of road and consented that the roller might be placed in his yard rather than remain in the highway when the weather conditions prevented its return, it is not error to state to the jury that the only evidence of an unlawful taking consisted in the fact that the roller was found in defendant's possession, and that if the jury believed the evidence for defendant, the taking in the first place was not unlawful where the testimony of the agent, which was corroborated by two witnesses, was in effect that he had entire charge of the roller with the right to rent it.

*Conversion—Evidence—Use—Claim of title.*

3. There was no evidence of conversion of the roller, where it was shown that, although defendant permitted it to be placed in his yard by the agent of the owner, he never used it after it was placed there, nor claimed title to it, nor refused to permit the owner to remove it, and that he returned it to the owner after suit was brought.

*Principal and agent—Competency to prove agency—Witness—Evidence.*

4. An agent is a competent witness to testify as to the existence of the agency and the extent of his authority.

Argued Oct. 22, 1918. Appeal, No. 185, Oct. T., 1918, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1917, No. 1439, on verdict for defendant in case of Henry Hileman v. E. W. Falck. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Trespass to recover damages for alleged unlawful taking and conversion of a steam roller. Before SHAFER, J.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Error assigned* was the charge of the court.

*Joseph A. Beck,* with him *McKee, Mitchell & Alter,* for appellant.

*Garnet R. Speer,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 4, 1919:

This was an action of trespass for the alleged unlawful taking and use of a steam roller. Plaintiff and defendant were separately engaged in road construction in Allegheny County, the former residing at Glenfield and the latter at Leetsdale. In the early fall of 1915, plaintiff went to California and returned in December. He was the owner of a large steam roller and before starting for California rented it to one Toner Barr for use on a certain road, which the latter was building near Leetsdale. It was stipulated that the roller should be in charge of George Lothamer who had previously operated it for plaintiff. At the same time defendant was constructing a small piece of road (20 x 30 feet in extent) near by, and desiring to use this roller telephoned Barr, who referred him to Lothamer. The latter arranged with defendant to roll the piece of road for fifteen dollars a day, being ten dollars for the machine and five dollars for the operator. The work was done and defendant paid Lothamer the entire bill, amounting to $51.25. Defendant was acting in good faith, having been informed by Barr and Lothamer that the latter had full charge and control of the roller.

Snow came as the work for defendant was completed and prevented the return of the roller to Glenfield. To avoid leaving it in the highway, where at night it must be protected by red lights, defendant consented that it be placed temporarily in his yard, which Lothamer did

and removed the steam gauge and certain other fixtures to prevent injury from freezing. After plaintiff's return from California he found the roller in defendant's yard, denied Lothamer's right to rent it and ordered defendant to return it to Glenfield, and demanded eighty dollars for its use and later damages for alleged injury thereto. Defendant never claimed the roller, nor refused to give it up, but was unable to find Lothamer and failed to return it to plaintiff until after this suit was brought. Plaintiff's statement as originally filed claimed a conversion of the roller, but after its return the statement was amended so as to claim for its unlawful taking, also for its use and injury done to it. The suit went to jury trial and turned largely on the question of Lothamer's agency, which was affirmed by him and Barr but denied by plaintiff. There was also conflict in the evidence as to the amount of damages, etc. The trial judge submitted the case to the jury but instructed them that the evidence did not justify a finding that defendant had converted the machine to his own use.

This appeal by plaintiff is from the judgment entered for defendant on the verdict. The errors assigned are confined to certain parts of the charge; we find nothing therein to justify disturbing the judgment. It was not error for the trial judge to explain to the jury the distinction between the common law actions of trespass and trover, and to state that the case seemed to include a charge of both. Nor was it error to state that the only evidence of an unlawful taking consisted in the fact that the roller was found in defendant's possession, and that if the jury believed the evidence for defendant the taking in the first place was not unlawful. The testimony of Lothamer was in effect that he had entire charge of the roller, with the right to rent it for ten dollars a day. He is corroborated by Barr and to some extent by Manning, a witness for the plaintiff. On the basis of that evidence defendant was certainly not guilty of an unlawful taking. Lothamer was competent to testify as to his

agency, the rule being that an agent's authority may be established by his testimony but not by his declarations: Lawall v. Groman, 180 Pa. 532; Jordan v. Stewart, 23 Pa. 244, 247; Fee v. Adams Express Company, 38 Pa. Superior Ct. 83. And, if the plaintiff's agent left the roller in the yard of defendant, he was under no obligation to return it to Glenfield.

As defendant never used the roller after it was placed in his yard, nor claimed title to it, nor refused to permit plaintiff to remove it, but returned it to him after suit was brought, the trial judge was right in holding that there was no evidence of a conversion.

The jury were instructed in substance that if defendant's possession of the machine was unlawful he should pay for the use of it and for any damage it sustained while in his custody. However, as the verdict was for the defendant, instructions relating solely to the amount of damages are not important.

The assignments of error are overruled and the judgment is affirmed.