## Wicks *v.* Dempsey, Appellant.

*Principal and agent—Sales—Mining stock—Fraudulent representations—Failure to establish—Sufficiency.*

In an action of assumpsit to recover money paid in the purchase of mining stock, there can be no recovery, where the plaintiff failed to establish that the person from whom the stock was purchased was the agent of the defendant.

The burden is always upon one asserting the agency, and an agent's authority may not be established by his declarations, although he may testify thereto.

As a general rule one who knowingly accepts the benefits of fraud is liable, not only where he knew of and consented to the fraud at the time it was perpetrated, but also where he was per-

sonally innocent and had neither authorized nor known of the fraud at the time of its commission. But one cannot be held liable to this theory where he was ignorant of the fraud at the time he accepted its benefits, and merely retained what appeared to be the legitimate proceeds of the transaction involved.

Argued April 29, 1925. Appeal No. 45 April T., 1925, by defendant, from judgment of C. P. Allegheny County, January T., 1923, No. 684, in the case of E. H. Wicks v. Frank A. Dempsey. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit to recover purchase price of mining stock. Before DREW, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,817.25, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*George Y. Meyer,* for appellant.—There was not competent evidence to establish the agency for the defendant: Whiting & Co. v. Lake, 91 Pa. 349; Fee v. Adams Express Co., 38 Superior Ct. 83; B. & O. Employees' Rel. Assn. v. Post, 122 Pa. 579; Kroll v. Philadelphia, 240 Pa. 131; Seitz v. Scottish Union & National Ins. Co., 37 Pa. Superior Ct. 261; Fay v. Deady, 82 Superior Ct. 187; R. R. Co. v. Gazzam, 32 Pa. 340.

*A. I. Boyle, Jr.,* for appellee, cited: Ruggles v. Washington Co., 3 Mo. 496; Hastings v. Bangor House, 18 Me. 436; Low v. Conn. &c. R. R. Co., 46 N. H. 284; Reid v. Hibbard, 6 Wis. 175; Cushman v. Loker, 2 Mass. 175; Narragansett Bank v. Atlantic Co., 3 Metc. (Mass.) 282; Codwise v. Hacker, 1 Cai. (N. Y.) 526;

Moss v. Rossie Co., 5 Hill (N. Y.) 137; Palmerton v. Huxford, 4 Den. (N. Y.) 166; Houghton v. Dodge, 5 Bosw. (N. Y.) 326.

Opinion by Gawthrop, J., July 9, 1925:

This is an action in assumpsit for the recovery of $1,500, the amount of purchase money paid for fifteen hundred shares of the capital stock of Rand Consolidated Mines, Limited, sold by defendant to plaintiff. Plaintiff claimed the right to rescind the contract because the sale was procured by fraudulent representations made to him by defendant's agent. Defendant denied that the person who negotiated the sale was his agent and that any misrepresentations were made. The trial resulted in a verdict for plaintiff and from the judgment entered this appeal was taken.

In view of the conclusion which we have reached, it is necessary to dispose only of that assignment of error which complains of the dismissal of defendant's motion for judgment non obstante veredicto. That involves a consideration of the evidence which, viewed in the light most favorable to plaintiff, warrants the following statement of the facts: Plaintiff went to the office of the Rand Consolidated Mines, Limited, in the Farmers Bank Building, Pittsburgh, on December 24, 1919, and there met for the first time one Von Kneile who was assistant treasurer and a stock salesman of the company. He inquired of Von Kneile about the mining company. Von Kneile showed him samples of ore which came from the mine and certain reports relating to the mine, and stated that the company was fully financed, was in good financial condition, and that the stock had never sold for less than one dollar per share. When plaintiff inquired whether the company had any stock for sale, Von Kneile answered in the negative, stated that all of it had been sold, but that a large stockholder, Frank A. Dempsey, (defendant) had subscribed for more stock than he wanted, and that

he, Von Kneile, was authorized by Dempsey to sell that stock. Whereupon, plaintiff, without making any investigation of the company or the value of the stock and relying entirely upon Von Kneile's representations, bought through him fifteen hundred shares of defendant's stock, giving in payment therefor checks and notes to the order of defendant, in the sum of $1,500. After the checks and notes were paid, the stock certificates were delivered. Some of the representations made by Von Kneile and on which plaintiff relied were false. Defendant denied that Von Kneile was his agent. His counsel urge upon us that there is no evidence in the record to establish that agency, except the testimony of plaintiff and his brother, that Von Kneile declared at the time of the sale that he was authorized by defendant to sell his stock. After exhaustive examination of all the evidence, we are compelled to come to that conclusion.

The burden is always upon one asserting agency to prove it: Kroll v. Phila., 240 Pa. 131, 135. It is familiar law that an agent's authority may not be established by his declarations, although he may testify to it: Hileman v. Falck, 263 Pa. 352, 354; Curran v. National L. Ins. Co. of U. S. of A., 251 Pa. 420, 435. The case is destitute of any competent evidence to prove that Von Kneile was expressly authorized by defendant to sell his stock. Nor is the agency established by evidence of implied agency. So far as the record discloses this was a single transaction between Von Kneile and Dempsey. There is no evidence of a course of dealing between them from which the relation of principal and agent can be inferred. The fact that defendant accepted the check and notes given in payment for the stocks is wholly insufficient to establish Von Kneile's authority to sell the stock for Dempsey.

Appellant contends in his printed brief that, as Von Kneile made the representations and effected the sale and defendant accepted the benefits thereof, it becomes

immaterial whether or not Von Kneile was in fact authorized to make the sale or made the representations. We cannot assent to that proposition. Nor do the authorities relied upon by appellee support that contention. They are cases where the relation of principal and agent existed. The leading case cited is Mundorff v. Wickersham, 63 Pa. 87, in which it was said: "If an agent obtains possession of the property of another, by making a stipulation or condition which he was not authorized to make, the principal must either return the property, or, if he receives it, it must be subject to the condition upon which it was parted with by the former owner." By the absence of the establishment of the fact that at the time Von Kneile made the representations to appellee he was authorized by Dempsey to sell his stock, these decisions are clearly differentiated from the case at bar. A similar proposition was urged upon the Supreme Court without avail in Hardinge v. Kuntz, 278 Pa. 232, 237. In that case it was urged that the controlling principle is that stated in 27 Corpus Juris, p. 12: "Under the general rule it has been held that one knowingly accepting the benefits of fraud is liable not only where he knew of and consented to the fraud at the time it was perpetrated, but also where he was personally innocent and had neither authorized nor known of the fraud at the time of its commission." Mr. Justice SCHAFFER, speaking for the court, said that the principle stated is subject to the modification that "one cannot be held liable on this theory where he was ignorant of the fraud at the time he accepted its benefits and merely retained what appeared to be the legitimate proceeds of the transaction involved." That statement of the law is a complete answer to the contention of appellee now under consideration.

Being clearly of opinion that there was no competent evidence to establish the fact that Von Kneile was the agent of defendant for the sale of the latter's stock,

and there being no evidence which would warrant a finding of fact that defendant knew when he accepted payment for the stock bought by plaintiff that Von Kneile had made any representations whatever to plaintiff, defendant was entitled to binding instructions in his favor in the court below and to judgment on his motion for judgment n. o. v.

The first assignment of error is sustained, the judgment is reversed and here entered for defendant.