McGee, Appellant, *v.* Baranzano.

Argued November 18, 1929. 

Before POR-
TER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUN-
NINGHAM and BALDRIGE, JJ. 

*Wm. W. McKim,* for appellant.—An agent's author-
ity may be established by his testimony but not by
his declarations: Wicks v. Dempsey, 86 Pa. Superior
Ct. 275; Curran v. National Life Ins. Co., 251 Pa. 420.

*William Taylor,* for appellee.—The authority of an
agent cannot be proven by his own declarations alone:
Slease v. Naysmith, 14 Pa. Superior Ct. 134; Kroll
v. Philadelphia, 240 Pa. 131.

OPINION BY GAWTHROP, J., February 28, 1930:

Plaintiff, a licensed real estate broker, recovered a verdict against defendant in this action in assumpsit for commissions earned in obtaining a purchaser for certain real estate of defendant. Subsequently the court below entered judgment for defendant notwithstanding the verdict. Plaintiff has appealed.

Plaintiff testified that defendant asked him to try to sell the ground for $50,000; that in the course of his efforts to procure a purchaser he submitted it to a Mrs. Ney through one Charlton at $50,000; that in company with Charlton he met defendant on the ground; that subsequently he submitted to defendant an offer of $40,000, and that defendant said, "all right, prepare your agreements, bring them over and it is all right;" that he prepared an agreement of sale to Mrs. Ney for $40,000 and in company with Charlton met defendant, who, after consulting with an advisor connected with a trust company, said that he was satisfied with it; that defendant then left the room to answer the telephone and upon his return said, "I am sorry to put you to all of this trouble but my wife has refused to allow me to go through with this thing, she has changed her mind and I cannot go through with it."

Charlton testified that he represented Mrs. Ney in the transaction; that he took her on the ground; that she told him to go ahead with the proposition; that he and plaintiff met defendant, who then wanted $42,000 for the land and a deposit of $1,000; that plaintiff subsequently informed him that defendant would sell for $40,000; that he and plaintiff subsequently met defendant, who read the agreement of sale which was drawn to Mrs. Ney as the purchaser; and that defendant was called to the telephone and upon his return said that "the deal was off, that Mrs. Baranzano had changed her mind."

The court below sustained defendant's motion for

judgment n. o. v. on the ground that the evidence was insufficient to establish that Charlton was acting as the agent for Mrs. Ney because the proof that he was the agent of Mrs. Ney rested entirely on his declarations, citing Kroll v. Phila., 240 Pa. 131, and Slease v. Naysmith, 14 Pa. Superior Ct. 134. Manifestly the learned judge overlooked the distinction between the testimony of an agent as to his authority and testimony as to the declarations of an alleged agent. It is familiar law that "an agent's authority may not be established by his declarations, but it may be established by his testimony": Wicks v. Dempsey, 86 Pa. Superior Ct. 275; Hileman v. Falck, 263 Pa. 351; and Curran v. National Life Ins. Co., 251 Pa. 420. The evidence fully warranted a finding by the jury that Charlton was the agent for Mrs. Ney in the purchase of the land, and that defendant knew it. No other questions are raised. On the evidence presented the case was for the jury. As the record discloses that the court below did not act upon the motion for a new trial, we may not direct the entry of judgment for plaintiff on the verdict.

The judgment is reversed and the record is remitted with directions to act upon the motion for a new trial.