Wagner *v.* West Penn P. Co., Appellant.

Argued April 14, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and JAMES, JJ.

*William A. Challener,* and with him *William A. Challener, Jr.,* for appellant.

*David M. Harrison,* for appellee.

OPINION BY JAMES, J., October 2, 1933:

This is an action of assumpsit by J. Huber Wagner, a physician, to recover the sum of $100 for services rendered by him in the examination of one Daisy Jackson. The case was heard before Honorable M. A. MUSMANNO, without a jury, who directed judgment in favor of the plaintiff, from which judgment this appeal was taken.

Daisy Jackson was an employe of the West Penn Power Company, working under H. S. Shinn, district manager of the commercial department of the company at New Kensington. On the evening of May 20, 1930, some of the office force having worked overtime, Mr. Shinn drove two girls working under him to their homes in Freeport and Natrona, accompanied by some others and Daisy Jackson. On the return trip to New Kensington, where Miss Jackson lived, tire trouble developed, and Daisy Jackson while standing beside the automobile was struck by a passing automobile, receiving injuries which later caused her death. Mr. Shinn took her to a hospital where she was attended by Dr. J. M. Snyder, who was called by the night superintendent of the hospital. Mr. Shinn was at the hospital when Dr. Snyder arrived, and reports were made to him by Dr. Snyder. Miss Jackson remained

at the hospital until May 31, 1930, when she was discharged. She failed to improve and on July 13, 1930 she was re-admitted to the hospital. Upon examining Miss Jackson, Dr. Snyder attempted to reach Mr. Shinn but was unable to do so until after he had called Dr. Wagner in consultation. Mr. Shinn was at the hospital when Dr. Wagner made the examination and was present at the consultation after the examination. Dr. Wagner testified that Mr. Shinn had stated to him that he was superintendent of the West Penn Power Plant, and that after the consultation Mr. Shinn told him to send his bill to the West Penn Power Company. Dr. Snyder was paid by the West Penn Power Company, but payment was refused Dr. Wagner. Mr. Shinn testified that as district manager he had no authority to employ physicians, which testimony was supported by the general claim agent, who testified that he was the only person authorized to employ physicians and that he had not authorized the employment of Dr. Wagner. Appellant defended on the ground that Dr. Wagner's employment had been unauthorized.

In order to bind the defendant, it was necessary to establish actual or implied authority upon the part of Mr. Shinn, or that the company subsequently ratified expressly or impliedly his employment. The accident to Miss Jackson having occurred outside of her regular employment, away from the company's premises, there was no liability upon the company to render medical assistance. The only direct evidence that the plaintiff produced relating to the authority of Mr. Shinn was the latter's declaration to the plaintiff that he was the superintendent of the West Penn Plant across the river. This declaration was not sufficient to establish his authority, as it has been repeatedly held that an agent's authority may not be established by his declarations, although he may testify to it: Hileman v. Falck, 263 Pa. 351, 106 A. 633; Kroll v. Phila., 240

Pa. 131, 87 A. 292; Wicks v. Dempsey, 86 Pa. Superior Ct. 275. The record shows however that instead of being superintendent of the West Penn Power Plant, he was district manager of the commercial department, whose duties related to collection of bills and to contracts for the sale of appliances. Plaintiff contends that by reason of such position he had implied authority to engage the services of a physician. With this we can not agree.

It is the general rule that the ministerial officers and agents of business corporations ...... have no implied power to engage on behalf of the corporation medical aid and other attendance for injured employes. ...... The fact that the employe was not injured while acting in the course of his employment for the corporation is a material consideration in support of the denial of authority on the part of corporate officers or agents to employ medical attendance. 7 R. C. L. 635.

Although a corporation may expressly authorize an agent to engage medical attendance in certain classes of cases, yet it is not safe to say that any particular officer of a corporation has power to bind the corporation to compensate a physician serving an employe of the corporation. ...... And a physician employed to take care of an injured employe has no implied authority to employ others to assist him at the expense of his employer. 21 R. C. L. 413, Sec. 56.

However, the recent cases seem to have carried the doctrine of implied authority of an officer, agent or servant to bind his principal for medical aid further than it has been carried heretofore, by holding that inferior agents or servants may bind a principal for aid furnished in emergencies. But the authority of an inferior officer does not extend any further than the emergency demands. The emergency indicated seems to mean an emergency out of which may grow an increase of the liability of the corporation. 21 R. C. L.

413, Sec. 56. If an emergency had existed as to the original injury, it had passed as the accident happened on May 20th while the emergency which required the necessity of a consulting expert arose on July 13, 1930.

The duties of Mr. Shinn were not those of general executive authority but were confined to local management of the collections, which was not broad enough to clothe him with implied powers to employ the plaintiff. In Weldon v. Traction Co., 27 Pa. Superior Ct. 257, the court said, "We are not warranted in holding that a claim agent is presumptively invested with authority to employ surgeons at the expense of his principal. Presumably the duty of claim agents is to adjust claims against their employers, not to create new obligations. It was obligatory on the plaintiff to show that the agent's authority comprehended such conduct as the engagement of a surgeon."

We held in the following cases that a general collector of a brewing company, Lauer Brewing Co. v. Schmidt, 24 Pa. Superior Ct. 396, a route agent of an express company, Beal & Simons v. Express Co., 13 Pa. Superior Ct. 143, a route agent of an express company, Fee v. Adams Express Co., 38 Pa. Superior Ct. 83, an architect, Cates & Shepard v. Seltzer, 62 Pa. Superior Ct. 348, had no implied authority to bind his principal. By like reasoning the district manager whose duties were confined to the collection of accounts, had no authority to bind his principal in matters entirely unrelated to the company's business. The agent's authority was denied and no authority was shown other than proof of his own declarations as to his official position which, without further authority, could not bind the principal.

Plaintiff further contends that even if Mr. Shinn had no authority to contract for medical attendance, the knowledge of such contract by the general claim agent and the payment by the company for the services of Dr. Snyder constituted a ratification of the agent's

acts and was equivalent to express authority. The general rule is "If an officer or an agent of the corporation, who has authority to engage attendance for injured persons, ratifies the unauthorized action of an inferior in engaging such attendance, the corporation is bound thereby." 7 R. C. L. 635. The proof of ratification as to Dr. Snyder consists solely in the payment of Dr. Snyder's bill, which was received with Dr. Wagner's bill but, assuming that the original employment of Dr. Snyder had been ratified by the claim agent, it did not authorize him after the patient had been discharged from the hospital to engage another doctor without authority from his principal. No ratification of the employment of Dr. Wagner was shown.

We have examined all of the authorities submitted in the very able argument of the appellee, and find no case that supports the theory advanced in the case at bar. The cases from other jurisdictions relate largely to medical services rendered to railroad employes in line of employment, which come clearly within the emergency doctrine above mentioned, while the instant case relates to services rendered to an employe nearly two months after the accident which occurred while outside of her employment.

We are convinced that the record does not disclose any authority in the company's agent or any ratification by the claim agent or any other person having authority. The motion to open judgment should have been granted and judgment entered in favor of defendant.

Judgment reversed and here entered for defendant.