## Hahnemann Hospital v. Golo Slipper Co., Inc.

*Welles, Mumford, Stark & McGrath,* for plaintiff.
*R. L. Levy,* for defendant.

HOBAN, J., February 25, 1938.—The action was commenced by foreign attachment, but by stipulation of counsel the claims of the Hahnemann Hospital as well as of several physicians are to be included in a single statement and the case proceeded with as if an ordinary action of assumpsit. Accordingly, plaintiff's statement of claim was filed, setting forth in substance the following facts:

One Kravis, a salesman and "valued employe" of defendant corporation, while on a sales trip for defendant, was stricken with pneumonia in a Scranton hotel. The hotel people telegraphed to defendant's home office and on receipt of the telegram W. A. Frendeufel, described as "an officer of the Golo Slipper Company, Inc., and the person in charge of the office of the defendant company", came to Scranton, engaged physicians and the Hahnemann Hospital for the purpose of caring for the salesman, and represented to the physicians and hospital that defendant corporation would assume full responsibility for the payment of all hospital, nursing, and medical expenses incurred, whereupon the services were furnished as requested and a bill therefor submitted in due course. Payment of the bill was refused by defendant and hence this action.

Defendant challenges the statement of claim as setting forth no cause of action, for the reason that plaintiff has pleaded no specific authority granted by the corporation to its officer to make such contract, and that there is no implied authority in his position to contract for medical services for an employe.

We think that the statement of claim calls for an answer on the merits. We have carefully considered the authorities submitted by defendant for its position, particularly the case note appended to Sheehan v. Elliott Mfg. Co. (83 N. H. 542), in 71 A. L. R. 633. While there is some variance in treatment of the subject in different jurisdictions, it seems to be generally accepted that an officer or subordinate employe of a corporation has no general power to contract for medical services for a sick or injured employe or third person, without specific authority, except where an emergency renders immediate action imperative, and then only where a failure by an officer or employe to act would render the corporation subject to an increased responsibility toward the employe or other person involved. As pointed out by defendant in

its brief, such situations are an exception to the general rule that one doing business with an agent is bound to inquire into the scope of the agent's authority. But in the present case we do not feel that the circumstances averred are such as to justify summary judgment in favor of defendant.

The alleged contract here was made by an executive officer of the company. The situation was certainly an emergency, and the employe was represented as one of particular value to the corporation, the loss of whose services presumably would be a loss to the corporation, and, conversely, the retention of whose services would be of value to the corporation.

A discussion of the substantive principles of law involved is contained in Wagner v. West Penn Power Co., 110 Pa. Superior Ct. 221, in which the following significant statement is made (p. 224) :

". . . the recent cases seem to have carried the doctrine of implied authority of an officer, agent or servant to bind his principal for medical aid further than it has been carried heretofore, by holding that inferior agents or servants may bind a principal for aid furnished in emergencies. But the authority of an inferior officer does not extend any further than the emergency demands. The emergency indicated seems to mean an emergency out of which may grow an increase of the liability of the corporation. 21 R. C. L. 413, Sec. 56."

With equal reason it might be argued that the type of emergency indicated might also mean the emergency out of which could come a loss to the corporation through the loss of a valued employe. In any event, the substantive rights of plaintiff or defendant, it seems to us, cannot be determined without proofs to be adduced at the trial.

It should be noted that in most of the cases the question of lack of authority on the part of an officer or agent has been raised by way of defense and an issue of fact presented for determination.

This statement of claim alleges that the contract was made by an executive or principal officer of the company. The contracts of such an officer are normally regarded with more weight than those of a mere agent or subordinate, and it seems reasonable to require the corporation to put at issue the officer's lack of authority as a defense to the contract. If the issue is raised, it then becomes the duty of the plaintiff to prove the officer's authority, which he may do in one of several ways, either by showing express authority, ratification, custom, or implied authority arising from the circumstances. We cannot limit by demurrer plaintiff's right to prove the authority in any one of these ways, nor has any decision been pointed out to us which holds it necessary to plead the particular type of authority sufficient to justify the agency. We think, therefore, that plaintiff is entitled to a trial and that the defendant must answer to the merits.

Now, February 25, 1938, the questions of law raised by the affidavit of defense are determined in favor of plaintiff, and defendant is allowed 15 days from the date hereof to answer to the merits.