SAMUEL NIXON v. ANGELO MYERS ET AL.          | 141      477|
                                             | 211      542|

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 1 OF PHILADELPHIA COUNTY.

Argued March 24, 1891—Decided April 13, 1891.

Where the plaintiff, employed by the defendants to do their hauling for
one year at a stipulated sum to be paid monthly, was discharged before
the year expired, the measure of his damages was, not the unpaid bal-
ance of the year's wages, but the reasonable profit he would have made
if permitted to perform.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WIL-
LIAMS, JJ.

No. 166 July Term 1890, Sup. Ct.; court below, No. 656
June Term 1887, C. P. No. 1.

On July 7, 1887, Samuel Nixon brought assumpsit against
Angelo Myers and Henry Myers, trading as A. H. Myers &
Co. Issue.

At the trial, on May 13, 1890, the plaintiff introduced testi-
mony to show that for several years prior to March 1, 1887, he
had a yearly contract with the defendants whereby he was to
do and did all their hauling from the wharves and depots in
Philadelphia, for a specified sum for the year; and that in the
early part of March, 1887, he agreed with them verbally that
he should do all their hauling during the year from March 1,
1887, to March 1, 1888, for the sum of $700, payable monthly
in instalments of $58.33 each month. The defendants adduced
testimony that the contract of employment was by the month,
and could be terminated at the end of any month by either
party. It was shown that about April 15, 1887, the plaintiff
was notified by the defendants that after May 1, 1887, he would
not be required to do hauling for them, as their nephew was
going into the business. On May 1st, the plaintiff ceased
hauling for the defendants, was paid for the time he had served,
and thereafter had six teams at all times during the year, and
could have done all the defendants' hauling

At the close of the testimony, the court, BREGY, J., charged the jury in part as follows :

The defendants here contend that this was a contract by the month; that, on account of the uncertainty of their business, the contract for this year, from March 1, 1887, was changed from a contract by the year to a contract from month to month. The plaintiff contends that, owing to this uncertainty, he agreed to do it for $700 for the year, and if you find from the facts that this was the contract, your verdict should be for the plaintiff. On the other hand, if you find from the facts that the contract was for a month, your verdict should be for the defendants. It is for you to find.

[If you find a verdict for the plaintiff, however, you should give him damages only for the amount that he has lost on the contract. The damages are what it was worth to him for the year; in other words, the profit he would have got out of it, and nothing else.] [1]

The plaintiff requests the court to charge :

2. If the jury believe that the contract entered into between the plaintiff and defendants was broken without authority by the defendants before its expiration, and that the plaintiff was able and willing at all times to perform his part of the same, the measure of damages for the breach is the amount unpaid of the price agreed upon for its performance.

Answer : Refused.[2]

—The jury returned a verdict for the plaintiff for $40. A rule for a new trial having been discharged and judgment entered, the plaintiff took this appeal, assigning for error :

1. The portion of the charge embraced in [ ] [1]

2. The answer to the plaintiff's point.[2]

*Mr. Frank R. Shattuck* (with him *Mr. Alex P. Colesberry*), for the appellant.

Counsel cited : Fiegel v. Latour, 81* Pa. 448 ; Chamberlin v. Morgan, 68 Pa. 168; Dean v. Ritter, 18 Mo. 182 ; Medley v. Sweet, 3 Chand. 231 ; Bradley v. Denton, 3 Wis. 567.

*Mr. R. P. White* (with him *Mr. Thomas Earle White*), for the appellees.

Counsel cited : United States v. Speed, 8 Wall. 84 ; Master-

ton v. Brooklyn, 7 Hill 61 (42 Am. Dec. 38); Morgan v. Heffler, 68 Me. 133; Duke v. Mott, 8 Barb. 425; Clark v. Marsiglia, 1 Den. 317 (43 Am. Dec. 670); Shannon v. Comstock, 21 Wend. 437; Fairfield v. Jeffries, 68 Ind. 582; Devlin v. Moyer, 63 N. Y. 8; Spencer v. Halstead, 1 Den. 606; Wilson v. Martin, 1 Den. 602.

PER CURIAM:

We do not find any error in the charge of the learned judge below. The plaintiff brought his suit for breach of contract. Under the circumstances, he was not entitled to recover the special wages for the year, but merely damages for the breach. We think the measure of damages, as defined by the court, was correct.

Judgment affirmed.

