## Singer Manufacturing Company, Appellant, *v.* Christian.

*Principal and agent—Scope of agency—Province of court and jury—Measure of damages—Contract.*

The fact of the agency and the scope of the power of an agent are questions for the court, where the authority is created by an instrument in writing, but where such authority is to be implied from the conduct of the parties, or where the agency is to be established by witnesses, the fact and scope of the agency are for the jury.

In an action by a sewing machine manufacturing company against a shirt manufacturer, to recover for the price of a number of machines the defendant alleged that he had bought the machines under an oral contract with plaintiff's agent, by which it was agreed that the plaintiff would furnish work to keep the machines going and that they were to be paid for out of the profits of such work, and that sufficient work was not furnished. Evidence was given that the agent in question had entire charge of an extensive district, that the business under his direction was large, that he exercised a wide discretion, sold on cash, on credit and on lease, and that his authority was not limited by any writing. *Held,* that it was for the jury to say whether the agent had authority to make the contract in question.

In such a case the measure of damages for the breach of the contract which might be set off was the profit which the defendant might have made, together with the expense of maintaining the plant in idleness caused by the neglect or refusal of the plaintiff to furnish work continually, according to the terms of the contract.

*Principal and agent—Evidence—Declarations of agent—Res gestæ.*

While it is true that agency cannot be established by the declarations of the agent, it is not reversible error to admit such declarations in evidence, if they are followed with independent proof of such agency. In such a case the declarations are admissible as showing the inducing cause of the contract.

Where one seeks to enforce a contract made by his agent, even if the agent exceeded his authority, if the principal seeks to take the benefit of the bargain so made he must adopt the contract as his agent made it.

Argued Feb. 21, 1905. Appeal, No. 335, Jan. T., 1904, by plaintiff, from judgment of C. P. Lackawanna Co., May T., 1902, No. 615, on verdict for defendant in case of Singer Manufacturing Company v. Frank P. Christian. Before MITCHELL, C. J., DEAN, BROWN, POTTER and ELKIN, JJ.    Affirmed.

Assumpsit for goods sold and delivered. Before ED-WARDS, P. J.

At the trial when F. P. Christian, the defendant, was on the stand, the following offer was made :

The defendant offers to prove by the witness on the stand that the Singer Manufacturing Company, through C. Lament, its agent or general manager, came to him and induced him to purchase certain machinery upon the following condition, to wit: He informed Mr. Christian that a manufactory at Binghamton was about to close, which employed sixty hands, all trained for the business ; that if he would open a factory at Binghamton he would get the benefit of the services of these trained hands, and that the Singer Manufacturing Company would place the machinery with him and agree to furnish work continuously for all the machines sold to him at profitable prices, and that he would not be responsible to the Singer Manufacturing Company except that out of the net profits realized from the work furnished by the Singer Manufacturing Company, provided that the defendant should not charge any salary against the operation until the machinery was paid for; that upon this inducement he took the machinery, and that subsequently the Singer Manufacturing Company neglected and refused to furnish work continuously to keep the machinery busy, but did furnish several contracts, which in part, for short periods of the year, did keep the machinery occupied ; that there never was a net profit through the years, and except for the few months that they furnished the contracts agreed to be furnished was there any net profits shown ; that as fast as he received any profit he paid it to the plaintiff.

Mr. Reedy : This is objected to ; first, there is no offer to prove the agency of Mr. Lament and the extent thereof, nor to prove the authority under which the alleged agent acted ; second, the witness is incompetent to testify to the agency of Lament, the authority under which he acted or the extent of his authority ; third, the offer to show what was done by Lament is incompetent until the defendant shows a delegation to Lament by the Singer Manufacturing Company to act in this matter, and the mere offer to show that Lament was in the employ of the Singer Manufacturing Company is not sufficient ; fourth, it is not proposed to show that the said Lament was authorized to represent the Singer Manufacturing Company in all

matters, or that he was especially delegated to represent the company in this particular transaction, and therefore the evidence is incompetent; fifth, the best evidence of the defendant's transactions, his charge for salary, etc., is the books of the concern; sixth, the entire offer is incompetent, irrelevant and immaterial.

The Court: I overrule the objection.

Exceptions noted for plaintiff, at whose request a bill is sealed. [1]

The court charged in part as follows:

If you should find that the contract was as testified to by the defendant, then there is one other question in connection with the making of that contract which I propose to leave to this jury, and that is, did the agent, Mr. Lament, have the authority to make such a contract as the defendant claims that was made on behalf of the company? The testimony in this case, taking the testimony of Mr. Lament, is that he was sent here by the Singer Manufacturing Company to effect a sale of this machinery to the defendant. He came to Scranton; he met Mr. Christian and, with him, Mr. Redman. He, himself, says that he had the right to make a sale on certain terms; he could sell for cash; he could sell on time, and he could sell or agree to deliver the machinery on lease. That is his testimony. But you must remember that one dealing with the agent, Mr. Christian, in this case, is not informed as to the extent of the authority of the agent, and therefore if the agent, in making this contract, was acting within the apparent scope of his authority, then the company is bound by such a contract, whether the agent had express authority to enter into such a contract or to make such a contract. I will read to you the law on that point: " A party seeking to enforce a contract made by his agent is bound by his declarations made at the time, although he exceeded his authority. If he would have the benefit of the bargain, he must adopt it as his agent made it." That law is taken from the books, taken from the decisions of our Supreme Court, and I simply add to it that if you find that the agent, Mr. Lament, was acting within the apparent scope of his authority, then, although he exceeded the express authority that he had from the company, the company is just

as liable as if he had the authority to do what was said by the defendant that he did in this case. [19]

Defendant presented this point:

2. The measure of damages would be the profit which the defendant might have made, together with the expense of maintaining the plant in idleness caused by the neglect or refusal of the plaintiff to furnish work continuously according to the agreement, if such agreement is found by you to have been made between the parties. *Answer :* I affirm this point. [29]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* among others were (1) ruling on evidence; (19, 29) above instructions, quoting them.

*David J. Reedy,* for appellant.—The burden was on the defendant to establish the agency: American Steamship Co. v. Landreth, 102 Pa. 131 ; Underwriters' Ass'n v. George, 97 Pa. 238 ; Union Refining, etc., Co. v. Bushnell, 88 Pa. 89 ; Insurance & Trust Co. v. Shultz, 82 Pa. 46 : Moore v. Patterson, 28 Pa. 505 ; Hampton v. Matthews, 14 Pa. 105 ; Hays v. Lynn, 7 Watts, 524 ; Brewing Co. v. Schmidt, 24 Pa. Superior Ct. 396 ; Langenheim et al v. Anschutz-Bradberry Co., 2 Pa. Superior Ct. 285 ; Slease v. Naysmith, 14 Pa. Superior Ct. 134 ; Ludwig v. Gorsuch, 154 Pa. 413.

The defendant, Christian, was not competent to prove the agency of Lament by any acts or declarations of Lament: Clark v. Baker, 2 Wharton, 340 ; Chambers v. Davis, 3 Wharton, 40 ; Relief Assn. v. Post, 122 Pa. 579 ; Plumsted v. Rudebagh, 1 Yeates, 502 ; Beal & Simons v. Express Co., 13 Pa. Superior Ct. 143 ; Pepper v. Cairns, 133 Pa. 114 ; Central Penna. Telephone & Supply Co. v. Thompson, 112 Pa. 118.

The loss of possible profits, which might have been made, was not a proper subject of damages: Pennypacker v. Jones, 106 Pa. 237.

Lament's authority rested in parol, there was no dispute as to its terms, and no ambiguity which needed explanation, and it was the duty of the court to determine its meaning and effect: Elliott v. Wanamaker, 155 Pa. 67 ; Brewing Co. v. Schmidt, 24 Pa. Superior Ct. 396.

Only where the existence and scope of the agency are controverted must those questions be determined by a jury: Savings Fund v. Hagerstown Bank, 36 Pa. 498; Williams v. Getty, 31 Pa. 461; Seiple v. Irwin, 30 Pa. 513; Jordan v. Stewart, 23 Pa. 244; Shriver v. Stevens, 12 Pa. 258; Peries v. Aycinena, 3 W. & S. 64; Slease v. Naysmith, 14 Pa. Superior Ct. 134.

An authority to act as an agent confers no authority to form a partnership for the principal with a third person: Wright v. Boynton, 37 N. H. 9.

Authority to sell "upon credit" means a reasonable credit: Brown v. Central Land Co., 42 Cal. 257.

A person who claims damages for the loss of a contract is as much bound to prove that he sustained damages as to prove the contract itself. And the jury cannot be asked to guess. They are to try the case upon the evidence, not upon conjecture: Rightmire v. Hirner, 188 Pa. 325; Lentz v. Choteau, 42 Pa. 435.

*H. C. Reynolds*, for appellee.—Where a principal is bound for the acts or declarations of his agent, it is generally for the reason that said acts or declarations have led up, or been the inducement to, or explain, or qualify, or form part of some contract, or have caused some act to be done upon the faith thereof: B. & O. Relief Association v. Post, 122 Pa. 579; The Brig Odorilla v. Baizley, 128 Pa. 283; Stewart v. Climax Road Machine Co., 200 Pa. 611.

The law holds a party who is seeking to profit by the acts of its agent to be responsible for his acts, although he exceeded his authority. If he would have the benefit of the bargain he must adopt it as the agent made it: Keough v. Leslie, 92 Pa. 424; Jones v. Building Association, 94 Pa. 215; Caley v. Railroad Company, 80 Pa. 363; McNeile v. Cridland, 168 Pa. 16; Penna. Natural Gas Co. v. Cook, 123 Pa. 170.

One who authorizes another to act for him in a certain class of contracts undertakes for the absence of fraud in the agent within the scope of his authority: Brooke v. R. R. Co., 108 Pa. 529; McNeile v. Cridland, 168 Pa. 16; Smalley v. Morris, 157 Pa. 349; Keough v. Leslie, 92 Pa. 424; Caley v. R. R. Co., 80 Pa. 363.

Profits which are the direct and immediate fruits of the contract are part of the contract itself, entering into and forming a part of its very elements: Fessler v. Love, 48 Pa. 407; Pittsburg Coal Co. v. Foster, 59 Pa. 365; Hoy v. Gronoble, 34 Pa. 9; Wolf v. Studebaker, 65 Pa. 459; Hunter v. Land, 81* Pa. 296.

The question of authority is a question for the jury where authority is alleged upon the one side and it is denied upon the other; Watson v. Lukins, 126 Pa. 630; Langenheim v. Anchutz-Bradberry Co., 2 Pa. Superior Ct. 285.

OPINION BY MR. JUSTICE ELKIN April 17, 1905:

The learned counsel for the appellant has specified thirty assignments of error to the rulings of the court below in the admission of testimony, charge to the jury and answers to points. No useful purpose would be served by a consideration of the separate assignments of error. For the purpose of review we will only consider two questions. First, had Lament, acting as the agent of the appellant, authority to make the alleged contract set up by the defendant in the court below; second, was the defendant entitled to recover damages for the loss of profits and the maintenance of the plaint in idleness arising from the failure of the plaintiff company to keep the machines sold by it to defendant, continuously employed in accordance with the terms of the alleged agreement.

At the time the contract was entered into Lament was the manager of the Philadelphia district of the manufacturing department of the plaintiff company. With the exception of the general agent, he was the highest officer of the company in Pennsylvania. The territory over which he exercised supervision as agent was extensive, embracing eastern Pennsylvania and New Jersey. The business under his management was large, and its conduct necessarily involved the exercise of wide discretion. According to the testimony of plaintiff, Lament had the right to sell sewing machines for cash, on time, or on lease, and on at least two occasions prior to the making of the alleged contract had sold the defendant machines on credit. It was conceded that his authority was not limited by any writing. Under these circumstances, the court below properly submitted the question of the scope

of his agency to the jury to determine whether he had the right to enter into the kind of a contract set up by the defendant. The learned trial judge directed the attention of the jury to the testimony relating to the scope and character of the agency of Lament in transacting the business of the plaintiff company. There was no error in such submission. The fact of agency and the scope of the power of an agent are questions for the court where the authority is created by an instrument in writing, but where such authority is to be implied from the conduct of the parties, or where the agency is to be established by witnesses, the fact and scope of the agency are for the jury: 1 Am. & Eng. Ency. of Law (2d ed.,) p. 968.

The jury were left to determine the authority conferred upon the agent as a question of fact, and there was ample evidence to support a conclusion that his powers were general. We must, therefore, treat the case as if this fact were established. The learned counsel for appellant earnestly contends that the court erred in admitting in evidence the declarations of Lament as proof of his general authority. It is true that agency cannot be established by the declarations of the agent, but this court has decided as late as Stewart v. Climax Road Machine Company, 200 Pa. 611, that it is not reversible error to admit such declarations in evidence if they are followed with independent proof of such agency. When the agency of Lament was established his declarations were material in the case for the reason that they constituted part of the alleged contract and were the inducement which led the defendant to purchase the machines. In this view of the case the plaintiff company was as much bound by these inducing causes of the contract as if made by itself. " The declarations or admissions of an agent in such cases are admissible, not for the purpose of establishing the truth of the facts stated, but as representations by which the principal is as much bound as if he made them himself, and which are equally binding whether the fact be true or false : Phillips on Evidence, 73 ; Hannay v. Stewart, 6 Watts, 487 ; and where a principal is bound for the acts or declarations of his agent, it is generally for the reason that said acts or declarations have led up, or been the inducement to, or explain, or qualify, or form part of some

contract, or have caused some act to be done upon the faith thereof: " B. & O. Relief Association v. Post, 122 Pa. 579.

This principle clearly covers the theory of the case relied upon by the defendant. The contention of the appellee depends upon the representations of the agent made at the time the contract was entered into and as the inducing cause thereof, and therefore, under the authorities cited the declarations of the agent were admissible, not for the purpose of establishing the scope and character of his agency, but as showing the inducing cause of the contract relied upon by the defendant, and binding upon the plaintiff company. The plaintiff in the present action is seeking to enforce the contract made by its agent, and even if as a matter of fact that agent exceeded his authority, yet if the plaintiff company seeks to take the benefit of the bargain so made, it must adopt the contract as its agent made it: Keough v. Leslie, 92 Pa. 424; Caley v. Railroad Company, 80 Pa. 363. This principle is very well stated in Bristow v. Whitmore, 9 H. L. Cases, 391, wherein Lord Kingsdown said: " The principal cannot approbate and reprobate the contract. He cannot at the same time take the benefit which it confers and repudiate the obligations which it imposes."

A very large number of the assignments of error raise the question as to what is a proper measure of damages in the case at bar. If the contract was as the defendant contends, that the plaintiff company undertook to keep the machines purchased by him continuously employed until the price for the same should be paid, such contract was predicated on the assumption that profits would be made to an extent sufficient to pay the plaintiff the price of said machines, and when it was broken by the plaintiff it needs neither extended argument nor the citation of authorities to show that the measure of damages would be the profit which the defendant might have made, together with the expense of maintaining the plant in idleness caused by the neglect or refusal of the plaintiff to furnish work continuously according to the terms of the contract. The evidence shows that the defendant was prepared to perform his part of the contract. He maintained his plant, kept his foreman and forewoman, and paid their salaries. The question of expense and profits as a measure of damages was

left to the jury under full and complete instructions by the court below. In this there was no error: Hydro-Carbon Fuel Company v. Plumb, 182 Pa. 463; Nixon v. Myers, 141 Pa. 477. The credibility of the witnesses, the fact and scope of the agency, what contract if any was made, and the measure of damages were all submitted to the jury in a fair, impartial and adequate charge by the learned trial judge.

Assignments of error overruled and judgment affirmed.