# Stewart *v.* New York Central & Hudson River Railroad Co., Appellant.

*Principal and agent—Railroads—Authority of trainmaster to employ surgeon.*

In an action by a surgeon against a railroad company to recover for services rendered after the termination of a written contract of employment at a fixed salary, the case is for the jury and a judgment and verdict for plaintiff will be sustained, where some of the services were rendered at the request of a trainmaster who had apparent authority to act for the company, that other services were rendered on the sudden emergency of an accident and at the request of the trainmaster, and that the remaining services were in attending patients who had been injured before the contract had expired, with the full knowledge and acquiescence of the company.

Argued Oct. 25, 1915. Appeal, No. 75, Oct. T., 1915, by defendant, from judgment of C. P. Clearfield Co., Sept. T., 1914, No. 442, on verdict for plaintiffs in case of S. C. Stewart and L. F. Stewart v. New York Central & Hudson River Railroad Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for services rendered by surgeons. Before BELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $436.50. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Hazard Alex. Murray,* with him *Thomas H. Murray* and *James P. O'Laughlin,* for appellant.—A railroad company cannot be held liable for medical services rendered employees at request or knowledge of an assistant

trainmaster or district claim agent alone, without some proof of authority to bind: Weldon v. Traction Co., 27 Pa. Superior Ct. 257.

*W. C. Miller,* for appellee, cited: Park v. Kansas City Southern Ry. Co., 58 Pa. Superior Ct. 419; Brooke v. New York, Lake Erie & Western Ry. Co., 108 Pa. 529.

OPINION BY TREXLER, J., March 1, 1916:

One of the plaintiffs, L. F. Stewart, was the regularly employed surgeon of the defendant company, under a written agreement, at a fixed salary. The contract was terminated at the request of plaintiff. The firm of which he is a member now seeks to recover for the services rendered after the contract of employment terminated. Plaintiffs' claim may be divided into three classes of items:

First: Part of the claim is for attendance upon a man who was injured whilst employed in the yard of the defendant company. Bullock, the assistant trainmaster, called the plaintiff by telephone and directed him to go to the yard where he took charge of the injured man, took him to the hospital and performed various services in connection with the case. It was testified that Bullock had theretofore secured medical attendance for persons injured; that it was his duty to see that injured men received medical aid. The jury could find that in securing this aid he was acting within the apparent scope of his authority. The defendant claimed that Bullock did not know of the termination of the contract with Stewart, and called him thinking he was still in the company's employ. Reports, however, were made to the trainmaster's office by the doctor and a district claim agent saw the doctor and directed him to give the patient attention and to send the bill to the company. Afterwards a bill was furnished to the company, and a letter was received from the claim agent,

objecting that the bill was excessive but not denying liability therefor.

Second: A portion of the claim arose by reason of what was known as the "Tunnel" accident. Taking the testimony, as we must, in the light most favorable to the plaintiff, there was an emergency such as admitted of no delay and the trainmaster had apparent authority to secure a surgeon. The plaintiff's bill for attendance of one of the persons injured was paid. "The extent of the authority of an agent may depend sometimes on the nature of the agency, and may be extended or varied on the ground of implied authority, according to the pressure of the circumstances connected with the business with which he is intrusted. The emergency of an accident, or an unusual condition which requires prompt action, may invest the representative of the company highest in authority who is then present with power to do such things as are reasonable to meet the emergency: Short v. Delaware & Hudson Co., 41 Pa. Superior Ct. 141."

Third: At the time the written contract was ended, one of the plaintiffs was rendering medical attention to an employee of the railroad. Plaintiff's contention is that although the contract was ended it was nevertheless required of them to continue their service until the patient recovered or medical attention was furnished by some other doctor; that in no event could it be intended that the patient should be left without medical aid; that the railroad company knew of their connection with the case and never directed them to drop it; that as evidence of the knowledge of the company it appeared that the agent of the company, when he settled the claim that the employee had against it, promised that the doctor's bills would be taken care of, and that the company with full knowledge received the benefit of the services and remained silent.

The whole claim resolves itself into a question of the implied authority of defendant's agents to bind the com-

pany, or of ratification of the agents' acts by the company. Authority could be implied from the conduct of the company and it would have been error for the court to decide the questions of facts or to draw inferences from the facts as matters of law. It was for the jury to decide as to what the scope of the authority of the agents of the defendant was (Park v. Kansas City Southern Ry. Co., 58 Pa. Superior Ct. 419) or whether the company had by its conduct assented to the acts of its agents.

There are a number of assignments of error directed to the charge of the court. Taking it as a whole, we can find no error in it. There are some portions quoted in the assignments which standing alone, might be open to criticism, but when read in connection with the rest of the charge there was nothing wrong. To illustrate, the eighth assignment draws attention to the fact that the court states that the liability of the defendant company is fixed by reason that the company sat silent in these cases while the services were being rendered, expressed no dissent, gave no intimation, either to the men who were injured or to these doctors, that they must not look to the company to be responsible,—but immediately preceding this, in the charge, the court states that it was for the jury to decide whether the corporation knew that these services were performed, and thus its liability is premised upon the knowledge it had in regard to all the circumstances, coupled with its silence.

All the assignments of error are overruled and the judgment is affirmed.