## Di Guiseppe v. Guzzetto Brothers.

*Province of court and jury—Interpretation of contract—Agency.*

Where the papers in suit disclose that the transaction was a sale by the defendants to the plaintiff of lira, and an agreement to deliver them in Italy, the construction of the paper is for the court, and the question of agency is not to be submitted to a jury.

*Assumpsit.* Rule by plaintiff for judgment *n. o. v.* C. P. Northampton Co., April T., 1921, No. 85.

*E. J. & J. W. Fox,* for plaintiff; *Kirkpatrick & Maxwell,* for defendants.

STEWART, P. J., May 11, 1925.—This is a motion by the plaintiff for judgment *n. o. v.* The plaintiff's contention is that the question of defendants' agency should have been submitted to the jury. In the statement filed the plaintiff claimed that he had paid defendants $1905 to be deposited to his credit in Italy, and that the defendants, as a matter of fact, only deposited the sum of $1312.40 to his credit, thus leaving a balance of $592.60, which he claimed to recover. The defendants' defence was that they sold him 34,000 lira and agreed to send those lira to Rome, and they had so sent them. On the trial the defendants admitted that they owed the plaintiff $20 as damages for delay in the delivery of the lira. The plaintiff then offered in evidence the several receipts, Exhibit 1, which are partly written and partly printed. It plainly appears from the receipt that dollars were not to be transmitted. A line is drawn through that blank in every one of the receipts, but lira were to be transmitted and the number of lira was written in each receipt. Under these circumstances, it is clear that the contract is for the court. In the leading case of Singer Manuf. Co. *v.* Christian, 211 Pa. 534, cited by the learned counsel for the plaintiff, the syllabus is: "The fact of the agency and the scope of the power of an agent are questions for the court, where the authority is created by an instrument in writing, but where such authority is to be implied from the conduct of the parties, or where the agency is to be established by witnesses, the fact and scope of the agency are for the jury." That states the two classes of cases, the one where the authority appears from a writing, and the other where the agency is to be established by a course of dealing. We tried a case where we submitted the question of agency to a jury, even though there was a writing. See Fruit Dispatch Co. *v.* Magee, 60 Pa. Superior Ct. 259. But the present case comes within the first class. The learned counsel for the defendants, in their brief, have quoted certain parts of the testimony which, they contend, establish the agency out of the mouths of the defendants. (The plaintiff not being called, but being in Italy at the time of trial.) We have carefully read the whole testimony and think it would be clear error to submit this case to a jury. It is really not a question of agency, but purchase and sale of lira, which is evidenced by the written contract. Rule discharged.