Frederick, Appellant, *v.* Fitzgerald.

Argued April 19, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*David S. Malis,* with him *Louis Jacobs,* for appellant.

*Harry S. Ambler, Jr.,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 17, 1938:
Plaintiff seeks to hold defendant liable in damages for personal injuries he sustained, caused by the explosion of dynamite, which Hall, the son-in-law of defendant, used to blow up a tree stump on her residence-property.

The theory on which liability is sought to be imposed is that, in procuring and using the dynamite, the son-in-law was defendant's agent, employee and servant. The allegation of agency and other relation is based upon the circumstance that the son-in-law, for recreation and amusement, at times worked upon the grounds surrounding the mother-in-law's residence where she, he and his wife lived, and that defendant was present when it was stated that her son-in-law had gone for dynamite to blow up the stump. He was not hired or paid to work about the place, what work he did was done as one of the family. Nothing shown in remotest degree indicates a relation of employee or servant. The relation was the ordinary one of family.

Plaintiff was employed by defendant to spray some trees on the property. He called at the premises to solicit the work, spoke to the son-in-law about the matter, and the latter in turn saw defendant and secured her approval for the work at the price plaintiff named, so informed plaintiff and the latter returned several days later to proceed with it. When he was on the property engaged in the work, the son-in-law and a gardener were endeavoring to remove the stump of a dead tree. They had some difficulty in getting it out of the ground and the son-in-law, without authority from defendant, procured some dynamite to aid its removal. He asked plaintiff to help in using the explosive, which plaintiff did. The fuse delayed in the firing, and when plaintiff, at the son-in-law's suggestion, attempted to relight the fuse, the explosion unexpectedly took place and plaintiff was injured.

Appellant's counsel cite to us, in support of the proposition that an implied agency existed, cases so wide of the mark on their facts from those before us as to have no bearing on the situation with which we are dealing, such as *Brock v. Real E.-L. T. & T. Co.*, 318 Pa. 49, 178 A. 146; *Singer Mfg. Co. v. Christian*, 211 Pa. 534, 60 A. 1087; *Allen v. Posternock*, 107 Pa. Superior Ct. 332,

163 A. 336, and many others. We imagine this is because no cases can be found where the relation was implied from such circumstances as are here present, there being nothing to indicate any right of control by defendant over her son-in-law's conduct in the performance of the work. The mere fact the property was owned by defendant and Hall was her son-in-law would not of itself constitute him her agent or servant: *Cox v. Roehler*, 316 Pa. 417, 175 A. 417.

Judgment affirmed.