Hahnemann Hospital *v.* Golo Slipper Company, Inc., Appellant.

Argued March 6, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*R. L. Levy,* for appellant.

*J. D. Reifsnyder,* of *Stark, Bissell & Reifsnyder,* for appellee.

OPINION BY BALDRIGE, J., April 21, 1939:

This action to recover for hospital service, including nurses and medical attendance, was begun by a writ of foreign attachment in assumpsit. The jury rendered a verdict for plaintiff in the sum of $807.78.

The sole question presented by defendant's appeal is whether the evidence is sufficient to sustain the jury's specific finding of fact that W. S. Freudenfels, defendant's secretary, had "apparent authority to bind the Golo Slipper Company for professional nursing and hospital services rendered to Herman Kravis."

On December 1, 1936, Kravis, a travelling salesman for defendant, a New York corporation, became ill with pneumonia at a hotel in Scranton where he was engaged

on defendant's business. He sent a telegram addressed to "Golo Slipper Company," informing them that he had the grippe and that the doctor advised him to stay in bed for two or three days. On December 2d, the following telegram was sent to the hotel where Kravis was stopping: "Mr. Freudenfels arrive your hotel six o'clock tonight. Have doctor attending Kravis present. Golo Slipper Company, Inc."

Freudenfels, in company with one of defendant's New York salesmen, arrived at Scranton that evening and said to Dr. Goldstein, the attending physician: "I represent the Golo Slipper Company, and we will take care of everything, and I want you to give him everything." Dr. Goldstein testified: "I asked Mr. Freudenfels who was going to take care of the expense, and he informed me that the Golo Slipper Company would take care of all expenses and that I was to spare no expense to get this man better, but to get him better as quickly as possible; that he would take care of all expenses, his company would." Kravis was thereupon removed to the hospital where for some weeks he received medical treatment.

On December 4th, Dr. Goldstein received a letter on defendant's stationery, signed "Golo Slipper Company, Inc. By W. A. Freudenfels, Sec'y," stating: "You will oblige us greatly if you will drop us a short line telling us how Mr. Kravis is getting along." This was followed by another letter on December 8th, similarly signed, which read: "We have not heard from you in reply to our letter of December 4th as to how Mr. H. Kravis is getting along. We enclose herewith a self-addressed postal card and would consider it a favor if you would be good enough to write us a few lines as to his condition and how long you think it will be necessary for him to remain at the hospital. Thanking you in advance for your prompt reply, we are ......"

The superintendent of the hospital, also, was assured

by Freudenfels that the Golo Slipper Company would pay Kravis' bill and at that time he gave his personal check covering charges for the first week in advance.

The defendant did not disavow Freudenfel's authority and it could be fairly assumed that it intrusted its secretary to incur reasonable expenses for the care of Kravis and that it knew of, and acquiesced in, his action: *Edwards & Strong v. Power Co.*, 109 Pa. Superior Ct. 252, 255, 167 A. 487. In fact, none of the plaintiff's evidence was denied by the defendant as it presented no evidence. Express testimony to prove Freudenfel's authority was not indispensable. The relation of the parties, the necessity of immediate medical attention, the conduct of Freudenfels, and the other attending circumstances were factors sufficient to establish agency with power to act: *Brock et al., Exrs. v. Real E.-L. T. & T. Co.*, 318 Pa. 49, 53, 178 A. 146. We concede that neither a subordinate agent nor an officer of a corporation has implied authority to bind it for medical services rendered an injured employee except under certain limited circumstances.

In *Wagner v. West Penn Power Co.*, 110 Pa. Superior Ct. 221, 224, 168 A. 478, we held that a district manager of the commercial department of a corporation was without authority, express or implied, to employ a physician, called into consultation two weeks after the original accident through another doctor whose claim was paid, to treat an employee injured off the premises. We there said, speaking through Judge JAMES: "It is the general rule that the ministerial officers and agents of business corporations ...... have *no implied power* to engage on behalf of the corporation medical aid and other attendance for injured employes ...... However, the recent cases seem to have carried the doctrine of implied authority of an officer, agent or servant to bind his principal for medical aid further than it has been

carried heretofore, by holding that inferior agents or servants may bind a principal for aid furnished in emergencies. But the authority of an inferior officer does not extend any further than the emergency demands. The emergency indicated seems to mean an emergency out of which may grow an increase of the liability of the corporation. 21 R. C. L. 413, sec. 56."

The cases from all jurisdictions dealing with the various phases of the questions here raised are collected, extensively reviewed, and annotated in 71 A. L. R. 638, 660. The agent's or officer's authority to bind a corporation seems to depend, inter alia, upon (1) the alleged agent's position with relation to the company or employer; (2) the time, place and manner of the injury or illness as bearing upon the existence of an "emergency"; (3) the position of the injured person with relation to the company.

The evidence in this case shows that Freudenfels was an executive officer of the company and that he unequivocally held himself out as having authority to bind the company. Kravis was shown to be a valuable employee of the defendant. When he became suddenly ill while on the business of the defendant, an emergency situation was created which was recognized by it. His notification addressed to the defendant was promptly answered by its secretary who came immediately and expressly agreed on behalf of the company to pay the hospital and medical expenses.

In *Stewart v. New York Central & Hudson River R. Co.*, 62 Pa. Superior Ct. 234, 236, a train master secured a surgeon's services on behalf of the company to treat an employee and another person injured in a tunnel accident. We held that an emergency existed which required prompt action, and it was for the jury to decide the scope of the agent's authority or whether the company had by its conduct assented to the act of its agent.

We recognize the emergency rule is more generally

applied to railroad cases. Because of hazards incurred and the necessity of immediate action, the courts have frequently been more liberal in passing upon the sufficiency of the proof of authority of an officer or agent to contract for medical services. For cases in other jurisdictions where general officers and agents of a corporation other than a railroad have been held to have implied or presumptive authority to engage medical services, see 71 A. L. R. p. 656.

Corporations are necessarily required to conduct their business through agents. Their liability is not limited to such acts of their agents as are expressly authorized or necessarily implied; it also embraces all acts of agents within the apparent scope of their authority: *Murphy v. Beverly Hills Realty Corp.*, 98 Pa. Superior Ct. 183, 186; *O'Donnell v. Union Paving Co.*, 121 Pa. Superior Ct. 68, 72, 182 A. 709. The public does not have knowledge of express instructions which may be given to a corporation's representative. The Supreme Court, in *Adams Express Co. v. Schlessinger*, 75 Pa. 246, 256, said: "A just protection to persons dealing with corporations imperatively requires that the act of the agent, within the general scope of the business with which he is intrusted, shall bind the company, although the specific act may be in excess of his private instructions." See, also, *Park v. Kansas City Southern Ry. Co.*, 58 Pa. Superior Ct. 419.

We rest our decision mainly on the ground that the evidence was sufficient to show implied authority in Freudenfels to contract for the services plaintiff rendered. The general rule may be stated that where the authority of an agent is to be implied from the conduct of the parties, or established by witnesses, the fact and scope of the agency are for the jury: *Singer Mfg. Co. v. Christian*, 211 Pa. 534, 540, 60 A. 1087; *Brock et al., Exrs. v. Real E.-L. T. & T. Co.*, supra; *Edwards & Strong v. Power Co.*, supra. This principle applies,

of course, only where there is sufficient testimony on the record, if believed, to establish the fact of agency and the authority of the agent: *Rucinski v. Cohn et al.*, 297 Pa. 105, 112, 146 A. 445; *Severance, Trustee, v. Heyl & Patterson, Inc.*, 123 Pa. Superior Ct. 553, 560, 187 A. 53.

Taking into consideration all the circumstances disclosed by the record, and giving plaintiff the benefit of all inferences favorable to it, it cannot be said as a matter of law that Freudenfels lacked implied or apparent authority to bind the defendant for the payment of its employee's medical and nursing expenses, for which judgment was recovered.

Judgment is affirmed.