Hosack et al. *v.* Taylor Brothers, Appellant.

Argued April 23, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Clark D. Beggs,* for appellant.

*Saul Chersky,* with him *Mayer Sniderman,* for appellees.

OPINION BY HIRT, J., October 4, 1940:

Plaintiffs, whose business is that of public accountants, brought this action to recover compensation for services rendered in effecting a reduction of the valua-

tion of defendant's land as assessed by the City of Pittsburgh and the County of Allegheny resulting in a corresponding reduction in city, county and school taxes for the years 1934-1935-1936. Plaintiffs' claim is based upon their written proposal dated October 5, 1933, accepted by S. J. Taylor, secretary of defendant corporation, which provides: "In reference to the possible reduction of City and County Taxes by reason of reduction in the assessed valuation of your property located at 942 Penn Avenue, Pittsburgh, Pennsylvania, our proposal is as follows: First: There will be no charge to you if we fail to secure a reduction in tax, regardless of the expense incurred on our part. Second: If we are successful in having the local taxes on your property reduced, our fee will be thirty-three and one-third (33-1/3%) per centum of the savings of City and County Taxes for each year of a three year period, based on your last assessment."

Both the city and the county subsequently reduced the assessed valuation of defendant's land with a consequent saving to defendant of $4,035.25 in taxes for the triennium. Plaintiffs' right to recover on the contract was contested on the ground that this saving was accomplished, not through the efforts of plaintiffs, but by voluntary general reductions of valuations for tax purposes on all properties in the vicinity. The issue so raised was tried by the lower court without a jury and resulted in a finding in favor of plaintiffs, upon which the court in banc entered judgment in the sum of $1,500.

An assignment of error questions the admissibility of the contract in evidence because there was no proof of the authority of the secretary of defendant corporation to bind defendant by his acceptance of the contract on its behalf. We find no merit in this contention. Defendant corporation knew of the contract and was kept informed both by correspondence and by personal con-

ferences with its officers, of plaintiffs' efforts during their negotiations with the taxing authorities. A secretary has no authority by virtue of his office to bind the corporation in the making of a contract, but his authority to execute a contract may be shown by circumstances indicating that the corporation has clothed him with that power as its agent. At no time during the period did defendant disavow the authority of its agent; hence it could be fairly assumed that it knew of and acquiesced in his action. *Hahnemann Hosp. v. Golo Slip. Co. Inc.*, 135 Pa. Superior Ct. 398, 5 A. 2d 605. The apparent authority of an agent to act as the representative of the principal is to be gathered from all the facts and circumstances in evidence, and ordinarily this is a question of fact for the jury, *Singer Mfg. Co. v. Christian*, 211 Pa. 534, 60 A. 1087, or for the trial judge, when sitting without a jury. *Meitner v. Scarborough*, 321 Pa. 212, 184 A. 81.

The remaining assignments question the sufficiency of the evidence to support the judgment.

It is elemental that a party to a contract involving personal services must render the stipulated services before he is entitled to compensation in accordance with the contract, or to damages for its breach. And since plaintiffs' right to fees was contingent upon their being "successful" in effecting a reduction in defendant's taxes, it was incumbent on plaintiffs to prove that they were the efficient and procuring cause of the reduction of the assessments. There is an analogy in principle with contracts involving the payment of commissions for the purchase or sale of real estate (*Shapira v. Union Trust Co. Exr.*, 306 Pa. 35, 158 A. 564), and other similar contracts where by their terms specified results must be obtained before the commissions have been earned. *Mitchell v. Baldwin L. Works*, 265 Pa. 148, 108 A. 605.

The testimony shows that plaintiffs filed an appeal

on behalf of defendant from the city assessment and retained an attorney who had a number of consultations with the boards of tax revision of both the city and the county in an effort to effect a reduction of the assessments to an amount reflecting fair market value. Plaintiffs also employed a real estate expert who after preparing a comprehensive analysis of real estate assessments and sales in the vicinity of defendant's property discussed the matter of a reduction of defendant's assessments with both city and county taxing officials on a number of occasions. The Chief Assessor for the City of Pittsburgh testified that the final reduction on defendant's property was made after the appeal filed on behalf of defendant by plaintiffs "and after considering that appeal." He further testified that "The Taylor appeal was the strongest appeal in the way of information that was furnished" and said "there is no question about the supplemental information having weight with the Board of Assessors." In this connection, it is unimportant that plaintiffs were able to obtain a reduction without prosecuting the appeal with the city and without taking an appeal from the county assessment. Plaintiffs were not bound to do so by their agreement, but on the contrary were given the broadest discretion, provided of course that they restricted themselves to lawful methods. They were able to accomplish the desired results by consultation with the municipal authorities and by argument supported by data indicating that the assessments greatly exceeded the market value of the land and by this means the expense and the delay of prosecuting appeals from the assessments were avoided. The revision authorities, with propriety, could use information obtained in this manner as a basis for reduction of assessments. *Pardee v. Schuylkill Co.*, 276 Pa. 246, 120 A. 139.

It cannot be urged that the contract was illegal. The fact that the compensation fixed in a bargain for efforts

to secure official action is contingent on success is not conclusive evidence that improper means are contemplated in securing the desired results. Restatement, Contracts, §563. In the instant case there is not a scintilla of evidence that plaintiffs exerted any personal influence upon the assessment officials or employed other improper means to effect the tax reduction, nor is there anything in the record to indicate that such conduct was even contemplated. The burden of proving the illegality of a contract is upon him who alleges it. *Jennings v. Morris,* 211 Pa. 600, 61 A. 115.

From the testimony as a whole the lower court was justified in concluding that the substantial tax reductions resulted from plaintiffs' efforts. This finding had the force and effect of a verdict of the jury and should not be set aside since it was sustained by the court in banc upon competent evidence sufficient to support it. *Horsfield v. Metro. Life Ins. Co.,* 124 Pa. Superior Ct. 458, 189 A. 892; *Meitner v. Scarborough,* supra.

Judgment affirmed.