## Kountz et al. v. Rowlands

*Daniel F. McCarthy* and *David R. Levin*, for plaintiffs.

*Ralph W. Carson* and *William J. Kenney* of *Stewart & Lewis*, for defendant.

RICHARDSON, J., November 11, 1942.—This matter comes before us on exceptions filed by defendant to

the findings of fact, conclusions of law, and decree nisi of the chancellor who enjoined defendant from engaging in the unauthorized practice of law. Forty-one exceptions were filed, but many of these were abandoned at the argument and not covered in defendant's brief. The remaining exceptions may be grouped into two main divisions, the sufficiency of the evidence to support the findings that the defendant was engaging in the practice of law without authority, and the form of the decree nisi.

Defendant entered into contracts with owners of real estate, whereby he was to endeavor to procure reductions in the assessed valuations of their properties. His compensation was to be 50 percent of the savings effected in the first year. Pursuant to his employment, defendant appeared before the Board of Assessors of the City of Pittsburgh and urged that the valuations of these properties be reduced. On one occasion he represented an owner who was attempting to procure from the School Board of the City of Pittsburgh a refund of taxes claimed to have been paid in error. In that endeavor defendant admittedly argued the interpretation of statutes and decisions.

A more detailed discussion of the situation will be found in the "Adjudications" heretofore filed. Suffice it to say that the arguments advanced by defendant in support of his contention that he was not engaged in the practice of law in appearing before the board of assessors, in making contracts with owners of real estate to effect reductions in assessments, and in attempting to persuade the school board that its solicitor had interpreted the law erroneously, have force if each instance is considered separate from every other activity engaged in by defendant. But when taken together, as a picture of defendant's activities over the period, we believe that his conduct throughout constituted the unlawful and unauthorized practice of law.

In the attempt to secure a refund of taxes from the school board, defendant cited authorities and attempted to construe statutes. Defendant's counsel concedes that his conduct was improper, and defendant is willing that a decree enjoining it should be entered, even though mitigating circumstances are recited. In our opinion, however, this conduct cannot be divorced from the other activities of defendant throughout the period covered by the evidence. On their face, and considered alone, the other incidents may have been perfectly innocent and lawful. Taken together, the school board incident plays an important part in the determination of the extent of defendant's activities and his interpretation of the scope of his agency. The printed form of contract used by him clearly indicated that he was to participate in the decision regarding the advisability of an appeal, testify for the owner, and procure an "expert witness" at the trial. Certainly these activities are beyond the scope of the authority of an ordinary layman. Whatever the literal meaning of the words, it is clear that defendant himself regarded them as justifying activities which we think are within the "shadow zone" between legitimate activity and unauthorized practice of law. We think those activities should be enjoined.

The other exceptions are directed to the form of the decree nisi. Defendant complains that it is too vague and indefinite to inform him of the activities which are forbidden to him, and that it "in no way informs [him] of the exact nature of the activities in which he is forbidden to engage". There is merit in the complaint, but it must be borne in mind that no precise definition of the boundaries of legal practice can be formulated: Shortz et al. v. Farrell, 327 Pa. 81. The decree must be as broad as the practice which is sought to be enjoined, and in cases of this nature it cannot be specific and certain. It may be that the defendant (as

stated in his brief) "is placed in the position of being compelled to speculate as to what activity is open to him", but the same may be said of many thousands of business men throughout the country today. Therein is the raison d'etre of the legal profession. However, it may be that the distinctions cited in Shortz et al. v. Farrell, supra, at page 84, may be more specific and we will incorporate them in the decree.

The complainants filed no exceptions to the adjudication, but they have filed a brief which complains of the chancellor's failure to enjoin defendant from soliciting employment or representation of property owners to contest the assessed valuations of real estate through the use of the "contingent fee" contract form heretofore used in defendant's activities. The contention of the plaintiffs is that this contract, per se, is illegal and void as against public policy. What we have decided is that defendant's activities under the contract constitute the unlawful practice of law, and we have enjoined him from continuing them. In our opinion, the language of the contract itself is not susceptible of such interpretation. The burden of proving the illegality of such a contract is upon him who alleges it: Hosack et al. v. Taylor Brothers, 142 Pa. Superior Ct. 83.

The exceptions will be dismissed.

### Decree

And now, November 11, 1942, the exceptions of the defendant to the decree nisi having come on to be heard, upon consideration thereof it is ordered, adjudged, and decreed:

1. That an injunction issue restraining the defendant, Charles W. Rowlands, at any time hereafter, from

(a) Furnishing opinions to clients or others for compensation, direct or contingent, as to their legal rights and obligations;

(*b*) Holding himself out as a person skilled in the interpretation of law for the purpose of influencing others to act in any matter in which the said defendant has a beneficial interest;

(*c*) Preparing legal documents and interpreting the same to others in order to induce such others to enter into agreements with him for the furnishing of services by the defendant for a consideration;

(*d*) Assisting and holding himself out as qualified to assist officials or public tribunals in the proper interpretation and enforcement of the law.

2. Defendant to pay the costs of this proceeding.